ORIGINAL

1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for defendant
   Asset Acceptance, LLC

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

12  JOHNNY WANG, an individual, on        CASE NO.:              4797
    his own behalf and on behalf of all
13  others similarly situated,
                                          **NOTICE OF REMOVAL**
14              Plaintiff,

15         vs.

16  ASSET ACCEPTANCE, LLC, a
    Delaware limited liability company,
17  and DOES 1-100, inclusive,

18              Defendants.

19  _____

20

21

22

23

24

25

26

27

28

WANG V. ASSET ACCEPTANCE, LLC
NOTICE OF REMOVAL

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2  PLEASE TAKE NOTICE that defendant Asset Acceptance, LLC ("Asset"),
3  a Delaware Limited Liability Company whose principal place of business is in
4  Warren, Michigan, hereby removes to this Court the state court action described
5  below.

6  1.  On August 20, 2009, a complaint was filed against Asset by plaintiff
7  Johnny Wang ("Plaintiff") in an action pending in the Superior Court of the State
8  of California in and for the County of Alameda, entitled *Johnny Wang v. Asset*
9  *Acceptance, LLC et al.*, Case No. RG09469817. A copy of the state court
10  complaint ("Complaint") is attached hereto as **Exhibit A**.

11  2.  This removal petition is timely under 28 U.S.C. § 1446(b) because
12  Asset first received a copy of the Complaint, by hand delivery upon its registered
13  agent for service of process, on September 8, 2009.

14  **JURISDICTION**

15  3.  This action is a civil action of which this Court has original
16  jurisdiction under 28 U.S.C. §§ 1332(d)(2)(A) and 1453 because the matter in
17  controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and
18  costs, and is a class action in which any member of the class of plaintiffs is a
19  citizen of a state different from any defendant, and that may be removed to this
20  Court by Asset pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

21  4.  Plaintiff alleges that he is a resident of California, and that Asset is a
22  citizen of a different state. *See* Exh. A at ¶¶ 4-5. No members of Asset, which is a
23  limited liability corporation, are citizens of California.

24  5.  Plaintiff seeks to recover, *inter alia*, actual damages and punitive
25  damages on behalf of each class member pursuant to section 1785.31 of the
26  California Civil Code, on the ground that "Asset's actions were intentional or
27  reckless." *See id.* at ¶¶ 2-3, 45, 58. That provision of the Civil Code authorizes an
28  award of "[p]unitive damages of not less than one hundred dollars($100) nor more

1 than five thousand dollars ($5,000) for each violation as the court deems proper."
2 Cal. Civ. Code § 1785.31.(a)(2)(B).

3     5.     Plaintiff brings his claims on behalf of two purported classes.[1] The
4 first proposed class consists of California residents about whom Asset furnished
5 information to credit reporting agencies "as owing a debt without also
6 communicating . . . that the person disputed the debt." *See* Exh. A at ¶ 27(a). The
7 second proposed class consists of "all natural persons" about whom Asset
8 furnished information to credit reporting agencies "as owing a debt, where Asset's
9 records indicate that the debt was incurred in California and is no longer within the
10 statute of limitations." *See id.* at ¶ 28(a).

11     6.     Plaintiff alleges that the "exact number" of class members is
12 "unknown," but avers that there may be as many as 3,598,000 accounts at issue.
13 *See id.* at ¶ 29 (citing 2008 10-K report for proposition that Asset's "portfolio [of
14 accounts] includes 3,598,000 accounts where the purported debtor resides in
15 California. The population of potential Class members is so huge that even if the
16 percentage that qualified as a member of either Class were very small, it could
17 render individual joinder impracticable.").[2]

18     7.     Assuming, without admitting, that just 1.4 percent of the accounts of
19 California residents allegedly owed by Asset are at issue, the matter in controversy
20 would exceed the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(2). Under
21 that scenario, the purported class would have 50,372 members (3,598,000 x .014 =
22 50,372), each of whom is allegedly entitled to recover any actual damages

23
24
25
26     [1] Asset does not concede that class certification is appropriate here.

27     [2] The second purported class is not geographically limited to California
28 residents, and it is therefore safe to assume that Plaintiff would allege the total
number of accounts exceeds 3,598,000.

1  suffered.[3] For each violation as the Court deems proper, the award of punitive

2  damages would be at least $100, resulting in damages of at least $5,037,200

3  (50,372 x $100 = $5,037,200).

4  **VENUE**

5  4. The Complaint was filed in the Superior Court of the State of

6  California, County of Alameda. Therefore, venue in the San Francisco Division or

7  the Oakland Division of this District is proper. *See* Local Rule 3-2(d) (stating "all

8  civil actions which arise in the counties of Alameda, . . . shall be assigned to the

9  San Francisco Division or the Oakland Division"); 28 U.S.C. § 1441(a) (providing

10  for removal "to the district court of the United States for the district and division

11  embracing the place" where the state court action is pending).

12  5. Defendant Asset is represented by the undersigned.

13

14  DATED: October 8, 2009                    SIMMONDS & NARITA LLP
                                              TOMIO B. NARITA
15                                            JEFFREY A. TOPOR

16

17
                                          By:
18                                            Tomio B. Narita
                                              Attorneys for defendant
19                                            Asset Acceptance, LLC

20

21

22

23

24

25  [3] Plaintiff seeks to recover on behalf of himself and other purported class
members a variety of actual damages, including "declined and reduced credit, forced
26  purchase of credit reports and credit monitoring, postage and private courier costs,
mileage, long-distance telephone charges, lost cell phone airtime, increased credit
27  costs, and amounts paid to settle disputed debts . . . ." *See* Exh. A at ¶¶ 44, 50, 57 &
28  63.

Exhibit A

ENDORSED
FILED
ALAMEDA COUNTY

AUG 2 0 2009

CLERK OF THE SUPERIOR COURT
By: E. BAKER

1 Ethan Preston (263295)
  PRESTON LAW OFFICES
2 1658 North Milwaukee Avenue, No. 253
  Chicago, IL 60622
3 (312) 492-4070 (telephone)
  (312) 262-1007 (facsimile)
4 ep@eplaw.us

5 Harry Shulman (209908)
  THE MILLS LAW FIRM
6 880 Las Gallinas Avenue, Suite 2
  San Rafael, CA 94903
7 (415) 455-1326 (telephone)
  (415) 455-1327 (facsimile)
8 harry@millslawfirm.com

9 *Attorneys for Plaintiff Johnny Wang, on his own
  behalf and behalf of all others similarly situated,*

10

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11

**FOR THE COUNTY OF ALAMEDA**

12

| | |
|---|---|
| JOHNNY WANG, an individual, on his own behalf and on behalf of all others similarly situated, | No. 107 094698 17 |
| | **CLASS ACTION** |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | (1) Declaratory Judgment; |
| | (2) Violation of the Consumer Credit Reporting Agencies Act; and |
| ASSET ACCEPTANCE, LLC, a Delaware limited liability company, and DOES 1-100, inclusive, | (3) Violation of the Unfair Competition Law |
| Defendants. | **BY FAX** |

13
14
15
16
17
18
19

**CLASS ACTION COMPLAINT**

20

Plaintiff Johnny Wang ("Wang" or "Plaintiff"), by his attorneys, makes this complaint

21

against Defendant Asset Acceptance, LLC ("Asset"). Wang's allegations are based on

22

information and belief, except to his own actions, which are based on knowledge. Wang's

23

information and belief are based on the investigation of his counsel, and facts that are a matter

24

of public record.

25

**Nature of the Claim**

26

1.      This class action arises from Defendant's debt collection activities. Asset is

27

one of the largest debt collectors in the country. Its parent company is a publicly-traded

28

corporation on the New York Stock Exchange, and maintains a portfolio of consumer debt

Class Action Complaint

1  with \$32 billion in face value. Asset violates the Consumer Credit Reporting Agencies Act
2  ("CCRAA") (Civ. Code, §§ 1785.1-1785.36) and unfair competition law ("UCL") (Bus. &
3  Prof. Code, § 17200) by reporting certain debts to the credit reporting agencies (including
4  TransUnion, Experian, and Equifax) ("CRAs"), but failing to report that such debts (1) have
5  been disputed, and (2) are past the applicable statute of limitations.
6
7    2.  These practices have caused Wang and other consumers actual damages in
 the form of declined and reduced credit, forced purchase of credit reports and credit
8  monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost
9  cell phone airtime, increased credit costs, and amounts paid to settle disputed debts not
10  reduced to judgment to improve a credit rating. Moreover, since Asset's actions were
11  intentional or reckless, Plaintiff and the class members are further entitled to a statutory award
12  of punitive damages.
13
14    3.  This is a class action brought on behalf of (1) California residents who have
 disputed debts, which debts Defendant has failed to report to the CRAs as disputed, and (2)
15  California residents which Defendant reports as owing a debt, but has failed to report that the
16  debt are not within the statute of limitations. Wang seeks remedies including actual damages,
17  statutory damages, attorneys' fees, and injunctive and equitable relief, under CCRAA (Civ.
18  Code, § 1785.31), and the UCL (Bus. & Prof. Code, § 17203).
19
20                      **Parties**

  4.  Plaintiff Johnny Wang is a natural person residing in Oakland, California.
21    5.  Defendant Asset Acceptance, LLC is a Delaware limited liability company
22  which maintains its headquarters at 28405 Van Dyke Avenue, Warren, Michigan 48093.
23  Asset's business consists of purchasing and collecting defaulted or charged-off accounts
24  receivable portfolios from consumer credit originators. In connection with this business, Asset
25  regularly and in the ordinary course of its business, collects or attempts to collect debts (or
26  purported debts) from natural persons.
27    6.  Plaintiff is currently ignorant of the true names and capacities, whether
28

individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff.

7. Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

8. All Defendants, including Does 1 through 100, are collectively referred to as "Defendants." Whenever this complaint makes reference to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

## Jurisdiction and Venue

9. This court may exercise jurisdiction over this case and these parties under Code of Civil Procedure section 410.10. This is a court of general jurisdiction, and the amount in controversy exceeds this court's jurisdictional minimum. Plaintiff is a California resident.

10. Venue is proper under Code of Civil Procedure sections 393 and 395.5. Venue is proper in this County pursuant to Code of Civil Procedure section 395.5 because Asset caused the injury alleged in this complaint to occur in this County and otherwise

Class Action Complaint                                    3

conducts substantial business within this County.

11.     All allegations in this complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

12.     Wang states that he is ignorant of the total amount in controversy at this time, because the number of class members is unknown.

### Allegations as to Plaintiff's Individual Claims

13.     **The Disputed, False Debt:** Asset has attempted to collect a false debt arising from an account balance with Pacific Bell Telephone, doing business as SBC. This false debt alleged relates to a residential telephone service account in Wang's name at Wang's former address. However, when Wang left the former address he terminated service and paid his Pacific Bell Telephone account in full. Wang is not, and has never been, liable for on the false debt.

14.     **Wang Disputes the False Debt in Litigation:** On April 11, 2007, Asset filed a lawsuit against Wang in San Francisco county to obtain a judgment on the false debt. Asset's complaint alleged that Wang owed a balance on a Pacific Bell Telephone account number 5955107204820 totaling $6,331.92, along with interest accruing since August 6, 2003, and that Asset had purchased the alleged debt.

15.     Wang answered Asset's complaint on June 4, 2007. Wang's answer averred:

> Defendant denies, generally and specifically, each and every allegation in the unverified Complaint and each purported cause of action thereof, and further denies that Plaintiff or any other persons have been damaged in any sum, or at all, by reason of any act or omission of Defendant.

(A true and correct copy of Wang's June 4, 2007 answer is attached as Exhibit 1.) Asset dismissed its complaint against Wang on August 9, 2007.

16.     Asset's complaint alleged that interest began to run on Wang's purported account on August 6, 2003. Asset attempted to provide Wang verification of this debt in the form of a bill from SBC dated July 17, 2003. (Wang does not recognize this bill and avers that he has never seen it before.) Under Code of Civil Procedure section 337, the statute of

Class Action Complaint                                    4

limitations for either breach of contract or an account is four years. The statute of limitations on the false debt ran no later than August 6, 2007.

17. In early 2008, Wang obtained a copy of his credit report from TransUnion and found that Asset Acceptance had reported the false debt. Wang disputed the false debt tradeline on his TransUnion credit report on or about February 11, 2008, and the false debt was removed from his credit report on or about February 16, 2008.

18. **Asset Improperly Reports the False Debt in August 2008:** On September 12, 2008, Wang obtained another copy of his credit report from TransUnion. (A true and correct excerpt of Wang's September 12, 2008 TransUnion credit report is attached as Exhibit 2.) The September 2008 credit report again contained a tradeline from Asset, which indicates that Asset reported the false debt to TransUnion on August 21, 2008.

19. Asset's August 2008 tradeline categorized the debt as "Collection Accounts: Accounts seriously past due" and contained the statement "Date Opened: 04/01/2005" which misleadingly suggest that the debt might still be within the statute of limitations, and otherwise failed to explicitly report that the debt was not in the statute of limitations.

20. The "Remarks" section of Asset's August 2008 tradeline was blank, and the tradeline otherwise failed to indicate that Wang had disputed the debt in litigation. If Asset had properly reported the credit card balances to TransUnion as disputed, 15 U.S.C. § 1681c(f) required TransUnion to ensure that Asset's tradeline reflected that Wang disputed the underlying debt. On the basis of the foregoing, Wang alleges that Asset reported the tradeline to TransUnion on August 21, 2008, but failed to communicate that Wang disputed the false debt.

21. **Wang Disputes the False Debt in November 2008:** Pursuant to 15 U.S.C. § 1681i, Wang disputed the debt with TransUnion in writing in late November 2008, carbon-copying Asset. By letter dated December 15, 2008, TransUnion indicated that Wang's credit report had been updated by adding the following statement in the "Remarks" section of Asset's tradeline: "ACCT INFO DISPUTED BY CONSUMR." (A true and correct excerpt of

TransUnion's December 15, 2008 letter to Wang is attached as Exhibit 3.)

22. **Asset Improperly Reports the False Debt in June 2009:** On July 22, 2009, Wang obtained yet another copy of his credit report from TransUnion. (A true and correct excerpt of Wang's July 22, 2009 TransUnion credit report is attached as Exhibit 4.) The July 2009 credit report again the Asset tradeline, which reflected that Asset last reported the false debt to TransUnion in June 2009.

23. Asset's June 2009 tradeline contained the notations "Date placed for collection: [04/2005]," "Account Type: Open Account," "Pay Status: >Collection Account<," and otherwise failed to note that the false debt was out of the statute of limitations.

24. Asset's June 2009 tradeline replaced TransUnion's December 2008 notation in the "Remarks" section (which properly noted that Wang disputed the false debt) with the notation ">Placed for collection<." In effect, Asset's June 2009 tradeline not only reported inaccurate and incomplete information, it did so by striking out and replacing accurate information supplied by TransUnion.

25. **Wang's Damages:** Wang began to dispute the false debt in 2007. In the course of disputing the false debt, Wang has incurred charges for postage for mailing disputes, long distance telephone charges, lost cellular telephone airtime, lost wages for time spent disputing matters, and charges for the purchase of credit reports. Wang was unable to rent his current residence without a co-signor, and was unable to co-sign for his partner's rental residence because of the false debt on his credit report. Wang has also been notified that he has been refused higher credit lines on business and personal credit cards, because of Asset's derogatory tradeline on his credit report.

### Allegations as to Class Certification

26. Wang seeks certification of two classes pursuant to Code of Civil Procedure section 382, for both final and interim relief.

27. **Disputed Debt Class Definition:** Wang brings this complaint against Asset and the other Defendants, on behalf of himself and a class of all natural persons residing in

Class Action Complaint                                          6

1  California

2

(a)  whom Asset or its agents reported, stated, or represented to any CRA as
3  owing a debt without also communicating to the CRA that the person
disputed the debt; and

4

(b)  which debt Asset knows or should know is disputed because the person
5  disputed such debt in writing (i) directly with Asset or its attorneys; (ii)
with any of the CRAs under 15 U.S.C. § 1681i(a)(1), where Asset
6  received notice of the dispute under 15 U.S.C. § 1681i(a)(2); or (iii) with
any person who previously held the disputed debt and later sold it to
7  Asset, where Asset received notice of the dispute in connection with the
purchase of the debt; except

8

(c)  not any person who is (i) any Judge or Magistrate presiding over this
9  action and members of their families; (ii) Defendants, their subsidiaries,
parents, successors, predecessors, and any entity in which the
10  Defendants or their parents have a controlling interest, and current or
former employees, officers and directors of Defendants; (iii) persons
11  who properly execute and file a timely request for exclusion from the
class; (iv) and the legal representatives, successors or assigns of any
12  such excluded persons.

13  ("Disputed Debt Class") Members of the Disputed Debt Class can be readily identified from

14  Defendants' records. Members of the Disputed Debt Class may be notified of the pendency of

15  this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the

16  Court) by published notice.

17  28.  **Out-Of-Statute Debt Class Definition:** Wang brings this complaint against

18  Asset and the other Defendants, on behalf of himself and a class of all natural persons

19  (a)  whom Asset or its agents reported, stated, or represented to any CRA as
owing a debt, where Asset's records indicate that the debt was incurred
20  in California and is no longer within the statute of limitations; and

21  (b)  Asset has (i) has reported the debt as due, owing, open, and/or
collectible; (ii) has reported the debt as placed for collections on a date
22  which would bring the debt within the statute of limitations, and/or (iii)
failed to communicate to the CRA that the debt is not within the statute
23  of limitations; except

24  (c)  not any person who is (i) any Judge or Magistrate presiding over this
action and members of their families; (ii) Defendants, their subsidiaries,
25  parents, successors, predecessors, and any entity in which the
Defendants or their parents have a controlling interest, and current or
26  former employees, officers and directors of Defendants; (iii) persons
who properly execute and file a timely request for exclusion from the
27  class; (iv) and the legal representatives, successors or assigns of any
such excluded persons.

28

Class Action Complaint                           7

("Out-of-Statute Debt Class") Members of the Out-of-Statute Debt Class can be readily identified from Defendants' records. Members of Out-of-Statute Debt Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice.

29. **Numerosity:** The exact number of members of the respective Classes is unknown and is not available to Plaintiffs at this time, but such information is readily ascertainable by Defendants. Asset's parent company's 10-K report for the 2008 fiscal year 2008 indicates that its portfolio includes 3,598,000 accounts where the purported debtor resides in California. The population of potential Class members is so huge that even if the percentage that qualified as a member of either Class were very small, it could render individual joinder impracticable. On this basis, Plaintiff alleges that individual joinder of the members of the respective Classes is likely to be impracticable.

30. **Disputed Debt Class Commonality:** Common questions of fact and law exist as to all members of the Disputed Debt Class and predominate over the questions affecting only individual members of the Disputed Debt Class. Identification of the individuals who qualify as a member of the Disputed Debt Class will be sufficient to establish liability to the class member. These common questions include whether:

    (a) Defendants knew or should have known that a Class member had disputed a particular debt;

    (b) Defendants' records include a written dispute of such debt by the Class member;

    (c) Defendants communicated to any CRA that a Class member owed a such debt, but failed to communicate to the CRA that the Class member disputed that debt;

    (d) Defendants' communication to the CRA is materially misleading;

    (e) Defendants' conduct violated Civil Code section 1785.25(a);

    (f) Plaintiff and other members of the Disputed Debt Class are entitled to damages, costs, injunctive relief, and attorneys' fees; and

    (g) Plaintiff and other members of the Disputed Debt Class are entitled to statutory punitive damages pursuant to Civil Code section 1785.31, subdivision (c).

Class Action Complaint       8

31. **Out-of-Statute Debt Commonality:** Common questions of fact and law exist as to all members of the Out-of-Statute Debt Class and predominate over the questions affecting only individual members of the Out-of-Statute Debt Class. Identification of the individuals who qualify as a member of the Out-of-Statute Debt Class will be sufficient to establish liability to the class member. These common questions include whether:

(a) Defendants knew or should have known that an Out-of-Statute Debt Class member's alleged debt had passed the statute of limitations;

(b) Defendants' records indicate that an Out-of-Statute Debt Class member's alleged debt had passed the statute of limitations;

(c) Defendants communicated to any CRA that an Out-of-Statute Debt Class member owed a such debt, but failed to communicate to the CRA that the debt had passed the statute of limitations, and/or communicated that the debt was due and owing, and/or was placed for collections on a date would bring the debt within the statute of limitations

(d) Defendants' communication to the CRA is materially misleading;

(e) Defendants' conduct violated Civil Code section 1785.25(a);

(f) Plaintiff and other members of the Out-of-Statute Debt Class are entitled to damages, costs, injunctive relief, and attorneys' fees; and

(g) Plaintiff and other members of the Out-of-Statute Debt Class are entitled to statutory punitive damages pursuant to Civil Code section 1785.31, subdivision (c).

32. **Typicality:** Plaintiff's claims are typical of the claims of the other members of the respective Classes. Plaintiff is not different in any relevant way from any other member of the respective Classes, and the relief he seeks is common to the respective Classes.

33. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the other members of the respective Classes: his interests do not conflict with their respective interests. Plaintiff has retained counsel competent and experienced in complex class actions, and he intend to prosecute this action vigorously.

34. **Predominance and Superiority:** The respective Classes alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the respective

Class Action Complaint                                          9

Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for members of the respective Classes individually to obtain effective relief from Defendant's misconduct. Even if members of the respective Classes themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

35. **Generally Applicable Policies:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the respective Classes as a whole. The policies of the Defendants challenged herein apply and affect members of the respective Classes uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiff.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief, Code of Civil Procedure Section 1060)**
**(By Plaintiff, individually only, against All Defendants)**

36. Wang incorporates by reference and realleges all paragraphs previously alleged herein.

37. Asset has asserted that Wang owes the overdue balance on the Pacific Bell Telephone account directly to Wang, as well as to the CRAs. Conversely, Wang has disputed this purported debt in writing through Asset's attorneys, and through the CRAs. Even if Wang were liable on the Pacific Bell Telephone account in the past (which Wang has consistently and vehemently contested at every turn), Asset's pleadings and documentation of the account demonstrate that the statute of limitation on that account ran no later than August 3, 2007.

38.    There is an actual controversy and dispute between Wang and Asset relating to the legal rights and duties of the purported balance on the Pacific Bell Telephone account. Disputing this controversy has caused Plaintiff to incur concrete, actual harm including lost time and expenses in communicating with Asset and the CRAs. The controversy between Wang and Asset has sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Plaintiff, on an individual basis and not on a class basis, seeks a declaratory judgment under Code of Civil Procedure section 1060 that he is not liable for the purported debt asserted by Asset.

**SECOND CAUSE OF ACTION**
**(Violation of the Consumer Credit Reporting**
**Agencies Act (Civ. Code, § 1785.25, subd. (a), by Plaintiff,**
**individually and on behalf of the Disputed Debt Class, Against All Defendants)**

39.    Wang incorporates by reference and realleges all paragraphs previously alleged herein.

40.    TransUnion, Experian, and Equifax are consumer credit reporting agencies, under the meaning of Civil Code section 1785.3, subdivision (d).

41.    The CCRAA prohibits persons from furnishing information on specific transactions "to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." (Civ. Code, § 1785.25, subd. (a).)

42.    Defendants received notice that Wang and the other members of the Disputed Debt Class disputed the amount and validity of the debts Defendants allege that they were obligated to pay.

43.    Defendants nonetheless reported those alleged debts to the CRAs, but failed to also communicate that the debts had been disputed. Defendants furnished information they knew or should have known to be incomplete and inaccurate to the CRAs. Defendants violated Civil Code section 1785.25, subdivision (a).

44.    Wang and the other members of the Disputed Debt Class have suffered actual injury as a result of the Defendants' violation of the CCRAA. These injuries include declined and reduced credit, forced purchase of credit reports and credit monitoring, postage

1 | and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime,
2 | increased credit costs, and amounts paid to settle disputed debts not reduced to judgment to
3 | improve a credit rating. Moreover, since Asset's actions were intentional or reckless, Wang
4 | and the other members of the Disputed Debt Class are further entitled to a statutory award of
5 | punitive damages.
6 |
7 | 45. Wang, on his own behalf, and behalf of the other Disputed Debt Class members, seeks to recover actual or statutory damages, in an amount to be determined at trial,
8 | injunctive and equitable relief, and the costs of the action (including attorneys' fees) under
9 | Civil Code section 1785.31.
10 |

**THIRD CAUSE OF ACTION**
**(Violation of the UCL (Bus. & Prof. Code, § 17200), by Plaintiff,**
**individually and on behalf of the Disputed Debt Class, Against All Defendants)**

46. Wang incorporates by reference and realleges all paragraphs previously alleged herein.

47. Defendants' reports to the CRAs regarding the debts disputed by the Disputed Debt Class members were deceptive and misleading because they omitted the material information that the debts were disputed. Creditors and other have relied on this misleading information that the Defendants reported to the CRAs, and have made credit available to the Disputed Debt Class members on terms that are less favorable than they would otherwise be.

48. Defendants' foregoing practices were unlawful and violated Civil Code section 1785.25, subdivision (a).

49. Defendants' foregoing practices were deceptive and unlawful, and violated Business and Professions Code section 17200.

50. Wang and the other members of the Class have been injured and have lost money and property as a result of the Defendants' violations of the unfair competition law. These injuries include declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost

Class Action Complaint                                12

1  cell phone airtime, increased credit costs, and amounts paid to settle fraudulent debts.

2  51.  Wang, on his own behalf, and behalf of the other Disputed Debt Class

3  members, seeks injunctive and equitable relief under Business & Professions Code section

4  17203, and the costs of the action (including attorneys' fees) under Code of Civil Procedure

5  section 1021.5.

6

7
## FOURTH CAUSE OF ACTION
### (Violation of the Consumer Credit Reporting
Agencies Act (Civ. Code, § 1785.25, subd. (a), by Plaintiff,

8  individually and on behalf of the Out-of-Statute Debt Class, Against All Defendants)

9  52.  Wang incorporates by reference and realleges all paragraphs previously

10  alleged herein.

11  53.  TransUnion, Experian, and Equifax are consumer credit reporting agencies,

12  under the meaning of Civil Code section 1785.3, subdivision (d).

13  54.  The CCRAA prohibits persons from furnishing information on specific

14  transactions "to any consumer credit reporting agency if the person knows or should know the

15  information is incomplete or inaccurate." (Civ. Code, § 1785.25, subd. (a).)

16  55.  Asset's records reflected that the debts purportedly owed by Wang and the

17  other members of the Out-of-Statute Debt Class had passed the applicable statutes of

18  limitations, especially under Code of Civil Procedure 337.

19  56.  Defendants nonetheless reported those alleged debts to the CRAs (including

20  reporting that the debts were due, owing, collectible, and/or placed for collections on dates that

21  might bring them within the statute of limitations), but failed to also report that the debts were

22  no longer within the applicable statute of limitations. Defendants furnished information they

23  knew or should have known to be incomplete and inaccurate to the CRAs. Defendants violated

24  Civil Code section 1785.25, subdivision (a).

25  57.  Wang and the other members of the Out-of-Statute Debt Class have suffered

26  actual injury as a result of the Defendants' violation of the CCRAA. These injuries include

27  declined and reduced credit, forced purchase of credit reports and credit monitoring, postage

28  and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime,

increased credit costs, and amounts paid to settle disputed debts not reduced to judgment to improve a credit rating. Moreover, since Asset's actions were intentional or reckless, Wang and the other members of the Out-of-Statute Debt Class are further entitled to a statutory award of punitive damages.

58. Wang, on his own behalf, and behalf of the other Out-of-Statute Debt Class members, seeks to recover actual or statutory damages, in an amount to be determined at trial, injunctive and equitable relief, and the costs of the action (including attorneys' fees) under Civil Code section 1785.31.

## FIFTH CAUSE OF ACTION
### (Violation of the UCL (Bus. & Prof. Code, § 17200), by Plaintiff, individually and on behalf of the Disputed Debt Class, Against All Defendants)

59. Wang incorporates by reference and realleges all paragraphs previously alleged herein.

60. Defendants' reports to the CRAs regarding the Out-of-Statute Debt Class members' alleged debts were deceptive and misleading because they omitted the material information that the debts were no longer within the applicable statutes of limitations. Creditors and other have relied on this misleading information that the Defendants reported to the CRAs, and have made credit available to the Out-of-Statute Debt Class members on terms that are less favorable than they would otherwise be.

61. Defendants' foregoing practices were unlawful and violated Civil Code section 1785.25, subdivision (a).

62. Defendants' foregoing practices were deceptive and unlawful, and violated Business and Professions Code section 17200.

63. Wang and the other Out-of-Statute Debt Class members have been injured and have lost money and property as a result of the Defendants' violations of the unfair competition law. These injuries include declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, increased credit costs, and amounts paid to settle

Class Action Complaint                                    14

1  fraudulent debts.

2      64.     Wang, on his own behalf, and behalf of the other Out-of-Statute Debt Class

3  members, seeks injunctive and equitable relief under Business & Professions Code section

4  17203, and the costs of the action (including attorneys' fees) under Code of Civil Procedure

5  section 1021.5.

6      WHEREFORE, Plaintiff Johnny Wang prays that the Court enter judgment and orders

7  in his favor and against Defendant Asset Acceptance, LLC as follows:

8
9           (a)    An order certifying the Disputed Debt Class, directing that this case
                   proceed as a class action, and appointing Wang and his counsel to
10                 represent the Disputed Debt Class;

11          (b)    An order certifying the Out-of-Statute Debt Class, directing that this
                   case proceed as a class action, and appointing Wang and his counsel to
12                 represent the Out-of-Statute Debt Class;

13          (c)    Judgment against Defendants, and in favor of Wang and the other
                   members of the respective Classes, in an amount of actual damages and
14                 statutory damages to be determined at trial;

15          (d)    Equitable and injunctive relief prohibiting Defendants from continuing
                   violations of the CCRAA and UCL;

16          (e)    An order granting costs and attorneys' fees; and

17          (f)    Such other and further relief as this Court may deem appropriate.

18  Dated: August 20, 2009
                                          By:
19                                            Ethan Preston (263295)
                                              PRESTON LAW OFFICES
20                                            1658 North Milwaukee Avenue, No. 253
                                              (312) 492-4070 (phone)
21                                            (312) 262-1007 (facsimile)
                                              ep@eplaw.us
22
                                              Harry Shulman (209908)
23                                            THE MILLS LAW FIRM
                                              880 Las Gallinas Avenue, Suite 2
24                                            San Rafael, CA 94903
                                              (415) 455-1326 (telephone)
25                                            (415) 455-1327 (facsimile)
                                              harry@millslawfirm.com
26
                                              *Attorneys for Plaintiff Johnny Wang, on*
27                                            *his own behalf and behalf of all others*
                                              *similarly situated,*
28

Class Action Complaint                          15

1

## JURY TRIAL DEMAND

2

Plaintiffs hereby demand a trial by jury of all issues so triable.

3

Dated: August 20, 2009

4
By:

Ethan Preston (263295)
5
PRESTON LAW OFFICES
1658 North Milwaukee Avenue, No. 253
6
Chicago, IL 60622
(312) 492-4070 (phone)
7
(312) 262-1007 (facsimile)
ep@eplaw.us
8

Harry Shulman (209908)
9
THE MILLS LAW FIRM
880 Las Gallinas Avenue, Suite 2
10
San Rafael, CA 94903
(415) 455-1326 (telephone)
11
(415) 455-1327 (facsimile)
harry@millslawfirm.com
12

*Attorneys for Plaintiff Johnny Wang, on*
13
*his own behalf and behalf of all others*
*similarly situated,*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint                     16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**POS-030**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Johnny K. Wang<br>839 Portal Ave<br>Oakland, CA 94610<br><br>TELEPHONE NO.: 510-551-6900<br>E-MAIL ADDRESS *(Optional):*        FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Alameda
STREET ADDRESS: 1225 FALLON St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Reno C. Davidson Courthouse
PETITIONER/PLAINTIFF: Asset Acceptance LLC

RESPONDENT/DEFENDANT: Johnny K Wang

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>WG07320275 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:   839 Portal Ave
   Oakland, CA 94610

3. On *(date):* 6-11-07 I mailed from *(city and state):* Oakland, CA
   the following documents *(specify):*
   Answer

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☒ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. Name of person served: Kevin Sullivan
   b. Address of person served:
      301 Howard St. Ste 830
      San Francisco, CA 94105

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Jesse Mori
*(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)*        ▶        *(SIGNATURE OF PERSON COMPLETING THIS FORM)*

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]
**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**
Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

**ENDORSED**
**FILED**
ALAMEDA COUNTY

JUN 0 4 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

Johnny K. Wang (In Pro Per)
839 Portal Ave.
Oakland, CA 94610
Telephone (510) 551-6900

In Pro Per

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ASSET ACCEPTANCE, LLC, | Case No. WG07320275 |
| Plaintiff, | **ANSWER** |
| vs. | |
| JOHNNY K. WANG, and DOES 1 to 10, inclusive, | |
| Defendants. | |

Defendant JOHNNY K. WANG answers the Complaint of Plaintiff ASSET ACCEPTANCE, LLC, as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation in the unverified Complaint and each purported cause of action thereof, and further denies that Plaintiff or any other persons have been damaged in any sum, or at all, by reason of any act or omission of Defendant. Defendant further asserts the following separate and affirmative defenses.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

#### (Failure to State Cause of Action)

Neither the Complaint, nor any purported claim for relief set forth therein, states a claim upon which relief can be granted.

### Second Affirmative Defense

#### (Failure to Mitigate Damages)

Plaintiff failed to mitigate damages which it contends it suffered and is therefore barred from recovery.

### Third Affirmative Defense

#### (Unclean Hands)

Plaintiff's claims are barred and Plaintiff is precluded from obtaining relief because of Plaintiff's unclean hands.

### Fourth Affirmative Defense

#### (Waiver/Estoppel)

Plaintiff has waived and is estopped by its own actions, inactions and/or other conduct from bringing any claims against Defendant.

### Fifth Affirmative Defense

#### (Laches)

This action is barred under the doctrine of laches because Plaintiff unreasonably delayed in bringing this action against Defendant.

### Sixth Affirmative Defense

#### (Ratification and Acquiescence)

Defendant is informed and believes, and based on such information and belief, alleges that Plaintiff acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of Defendant, thus barring Plaintiff from any relief as prayed for in the Complaint.

### Seventh Affirmative Defense

#### (Statute of Limitations)

The Complaint and each cause of action therein are barred by applicable statute of limitations to the extent that Plaintiff bases its claims on conduct occurring outside the relevant limitations periods, including but not limited to Civil Code Sections 51 and 1783, California

1. Code of Civil Procedure sections 337, 337a, 337.1, 338, 338.1, 339, 340, 343, *et seq.* and
2. Business and Professions Code Section 17208.

3.                                    **Eighth Affirmative Defense**

4.                                   **(Acts and Omissions of Plaintiff)**

5.        Without conceding that the Plaintiff has suffered any injuries, losses, or damages, any

6. such injuries, losses, or damages are the result of acts or omissions of Plaintiff.

7.                                    **Ninth Affirmative Defense**

8.                                    **(Acts and Omissions of Others)**

9.        Without conceding that the Plaintiff has suffered any injuries, losses, or damages, any

10. such injuries, losses, or damages are the result of acts or omissions of third parties.

11.                                    **Tenth Affirmative Defense**

12.                                         **(Privilege)**

13.        Plaintiff is barred from seeking relief against Defendant because Defendant was

14. privileged to act as he did and/or believed in good faith that she was protecting his legal rights.

15.                                   **Eleventh Affirmative Defense**

16.                                       **(Statute of Frauds)**

17.        The Complaint and each cause of action therein are barred by the statute of frauds.

18.                                    **Twelfth Affirmative Defense**

19.                                  **(Failure of Condition Precedent)**

20.        Plaintiff is barred from recovery under the contract because a condition precedent,

21. approval of a loan arranged by Plaintiff, never occurred.

22.                                   **Thirteenth Affirmative Defense**

23.                                          **(Excuse)**

24.        Defendant is excused from performance under the contract because of Plaintiff's breach

25. and failure of consideration.

26.

27.

28.

1.          **Fourteenth Affirmative Defense**

2                        **(Setoff)**

3          Any amounts owed by Defendant to Plaintiff are more than offset by damages to

4    Defendant caused by Plaintiff.

5                  **Fifteenth Affirmative Defense**

6                    **(Additional Defenses)**

7          Defendant presently lacks information and belief as to whether he may have additional,

8    as yet unstated affirmative defenses available. Defendant therefore reserves the right to assert

9    such additional affirmative defenses as permitted by law.

10

11         Wherefore, Defendant prays for relief as follows:

12         1.     That Plaintiffs' Complaint be dismissed in its entirety;

13         2.     That Defendant have judgment against Plaintiff;

14         3.     That Defendant be awarded costs of suit and attorneys' fees incurred herein;

15         4.     That Defendant be awarded such and further relief as the Court deems just and

16   proper.

17

18   Dated: June 1, 2007                    By:
                                                Johnny K. Wang
19

20

21

22

23

24

25

26

27

28

- 4 -
**ANSWER**
[Case No. WG07320275]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

# Single Credit Report

## Johnny Wang
Consumer Credit Report
Source: TransUnion
File Identification Number: 110347814

This report is available until Oct. 12, 2008

| | |
|---|---|
| **CREDIT REPORT DATE:** 09/12/2008 | **CURRENT ADDRESS:** OAKLAND CA, 94610 **DATE UPDATED:** |
| **NAME:** JOHNNY K WANG | **PREVIOUS ADDRESS:** OAKLAND CA, 94618 |
| **DATE OF BIRTH:** 1973 | **DATE UPDATED:** |
| **EMPLOYER:** | OAKLAND CA, 94611 **DATE UPDATED:** |

### Consumer Statement

NONE REPORTED

### At a glance viewing of your payment history

| | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late | 150+ days late | Payment plan | Reposession Foreclosure | Collection Chargeoff |
|---|---|---|---|---|---|---|---|---|---|---|
| Not Open | | | | | | | | | | |

feb  mar  apr  may  jun  jul  aug  sep  oct  nov  dec  '06  feb  mar  apr  may  jun  jul  aug  sep  oct  nov  dec  '07



**Collection Accounts:** Accounts seriously past due

**ASSET ACCEPT**

| | | | | |
|---|---|---|---|---|
| **Original Creditor:** | **PACIFIC BELL TEL DBA SBC CALIF** | **Account No.:** 2332**** | **High Balance:** | 7065 |
| **Date Opened:** | 04/01/2005 | **Date Reported:** | 08/21/2008 **Balance:** | 8562 |
| **Condition:** | Derogatory | **Responsibility:** Individual | | |

**Remarks:** .

**Other:** Accounts in which the exact category is unknown

**PG&E**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Account #:** | 1320** | **Type:** | Collection Agency Attorney | **Opened:** | 06/25/1998 |
| **Condition:** | Derogatory | **Pay Status:** | Collection/Chargeoff | **Reported:** | 06/01/2006 |
| **Balance:** | $0 | **Payment:** | $0 | **Responsibility:** | Shared |
| **Limit:** | $0 | **Past Due:** | $.00 | **High balance:** | $130 |
| **Terms:** | Provided | | | | |

**7-year history:**                    **Remarks:**

   30-days late   0
   60-days late   0
   90-days late   0

**Two-Year payment history:**

TransUnion                              **NONE REPORTED**



NONE REPORTED

08/04/2009 04:29 PM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

*** 195290231-009 ***
P.O. Box 6790
Fullerton, CA 92834



12/15/2008   **TransUnion.**

P00S6A002D3442-I023983
JOHNNY K. WANG

Our investigation of the dispute you recently submitted is now complete. The results are listed below.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of any company we may have contacted for information.

Thank you for helping ensure the accuracy of your credit information.

### Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| ASSET ACCEPTANCE LLC | # 23325609 | NEW INFORMATION BELOW |

File Number:
Page: 1 of 1
Date Issued: 12/15/2008

 

TransUnion.

Special Notes: If any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | | | | |
|---|---|---|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in brackets or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).

**ASSET ACCEPTANCE LLC #23325609**

PO BOX 2036
WARREN, MI 48090-2036
(800) 395-8814

Loan Type: FACTORING COMPANY ACCOUNT
Remarks: ACCT INFO DISPUTED BY CONSUMR
Date placed for collection: 04/2005
Estimated date that this item will be removed: 04/2010

Balance: $8,699
Date Verified: 12/2008
Original Amount: $7,065
Original Creditor: PACIFIC BELL TEL DBA SBC CA LIF
Past Due: $8,699

Pay Status: >COLLECTION ACCOUNT<
Account Type: OPEN ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT

- End of Investigation results -

To view a free copy of your full, updated credit file, go to our website http://disclosure.transunion.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 4

TransUnion



| AnnualCreditReport.com | ▶ Return to AnnualCreditReport.com | ▶ Frequently Asked Questions | ▶ Contact AnnualCreditReport.com |

TransUnion..

your products | your account | help | logout

| welcome | credit report | score | security freeze | credit monitoring | debt analysis | learning center | savings source |

transunion credit report | report an inaccuracy | consumer rights

## Personal Credit Report

**JOHNNY K. WANG**
**Source: TransUnion**

**July 22, 2009**
**Available until Aug 21, 2009**

Get Instant Message Updates
About Your Credit Report

• Alerts you to possible fraud 
• Sent to your desktop
• No need to check email

Free downloadable application
Learn more >>

**Compare 0%**
**Credit Cards** 

**Find a Low**
**Mortgage Rate** 

**Gold Card**
**Prestige**

**File Number:**
**Date Issued:** 07/22/2009

Display a printer friendly version
Found an inaccuracy? Click to learn about correcting



| **Name:** | JOHNNY K. WANG | | **SSN:** |
| | | | **Date of Birth:** |
| You have been on our files since 04/1993 | | | **Telephone** |

### CURRENT ADDRESS

**Address:**

**Date Reported:**

### PREVIOUS ADDRESSES

**Address:**

**Date Reported:**

**Address:**

Special Notes: If any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.



The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.



| N/A | X | 30 | 60 | 90 | 120 | 150 |
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |



The following accounts contain information that some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in >brackets< or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).

TransUnion

## ASSET ACCEPTANCE LLC #23325609

PO BOX 2036
WARREN , MI 48090-2036
(800) 398-8814

| | |
|---|---|
| **Balance:** | $8,919 |
| **Date Updated:** | 06/2009 |
| **Original Balance:** | $7,065 |
| **Original Creditor:** | PACIFIC BELL TEL DBA SBC CALIF |
| **Past Due:** | >$8,919< |

**Pay Status:** >Collection Account<
**Account Type:** Open Account
**Responsibility:** Individual Account

Loan Type: Factoring Company Account
**Remark:** >Placed for collection<
**Date placed for collection:** [ 04/2005]
**Estimated date that this item will be removed:** 04/2010

## PACIFIC GAS & ELECTRIC #1320982787

PO BOX 8329
STOCKTON , CA 95208
(800) 743-5000

| | |
|---|---|
| **Balance:** | $0 |
| **Date Verified:** | 09/2008 |
| **High Balance:** | 5130 |
| **Past Due:** | $0 |

**Pay Status:** >Payment After Charge Off/Collection<

**Account Type:** Open Account
**Responsibility:** Participant on Account
**Date Opened:** 06/1998
**Date Closed:** 09/2004

Loan Type: Collection Agency Attorney
**Remark:** >Paid collection<
**Estimated date that this item will be removed:** 08/2011



The following accounts are reported with no adverse information. (Note: the account # may be scrambled by the creditor for your protection).

