1  Ethan Preston (263295)
   PRESTON LAW OFFICES
2  1658 North Milwaukee Avenue, No. 253
   Chicago, IL 60622
3  (312) 492-4070 (telephone)
   (312) 262-1007 (facsimile)
4  ep@eplaw.us

5  Harry Shulman (209908)
   THE MILLS LAW FIRM
6  880 Las Gallinas Avenue, Suite 2
   San Rafael, CA 94903
7  (415) 455-1326 (telephone)
   (415) 455-1327 (facsimile)
8  harry@millslawfirm.com

9  *Attorneys for Plaintiff Johnny Wang, on his own
   behalf and behalf of all others similarly situated,*

10            **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11                    **SAN FRANCISCO DIVISION**

12

13  JOHNNY WANG, an individual, on his       No. 09-04797 SC
    own behalf and on behalf of all others
    similarly situated,                      Judge Samuel Conti
14
                      Plaintiff,             **JOINT CASE MANAGEMENT**
15                                           **STATEMENT**
                      v.
16
    ASSET ACCEPTANCE, LLC, a Delaware
17  limited liability company, and DOES 1-
    100, inclusive,
18
                      Defendants.
19

20            **JOINT CASE MANAGEMENT STATEMENT**

21        Plaintiff Johnny Wang ("Wang") and Defendant Asset Acceptance, LLC ("Asset") hereby

22  submit the following Joint Case Management Statement, pursuant to Federal Rule Civil Procedure

23  26(f) and Civil Local Rule 16-9.

24        **1.    Jurisdiction and Service: The basis for the court's subject matter
          jurisdiction over plaintiff's claims and defendant's counterclaims, whether any
25        issues exist regarding personal jurisdiction or venue, whether any parties remain
          to be served, and, if any parties remain to be served, a proposed deadline for
26        service.**

27        Plaintiff filed a complaint in Alameda County, asserting claims under the California

28  Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code §§ 1785.1-1785.36) and the

---

unfair competition law ("UCL") (Cal. Bus. & Prof. Code § 17200). Defendant removed on October 8, 2009, alleging federal diversity jurisdiction under Class Action Fairness Act of 2005 ("CAFA"). *Cf.* Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 4, 118 Stat. 4, 9-12 (codified at 28 U.S.C. § 1332(d)). Plaintiff contends that the Defendant's Notice of Removal did not present a proper basis for federal subject matter jurisdiction and moved for remand on October 21, 2009 (and filed an amended Motion for Remand the next day). The Motion for Remand is fully briefed and under submission with the Court.

Defendant has not contested personal jurisdiction or service.

### 2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

Plaintiff contends that Asset has sought to collect an alleged debt it purchased from Pacific Bell Telephone, which allegedly arose from the unpaid balance on a telephone service account balance. From the Asset's allegations against Wang in state court litigation and the purported verification of the alleged debt Asset provided to Wang, Plaintiff contends that the statute of limitations on the alleged debt ran no later than August 6, 2007 under California Code of Civil Procedure section 337.

Wang alleges that he has consistently disputed the alleged debt, and contends he is not, and has never been, liable for it. On April 11, 2007, Asset filed a lawsuit against Wang in San Francisco County to obtain a judgment on the alleged debt. Wang alleges that he answered Asset's complaint on June 4, 2007 and denied liability for the alleged debt. In early 2008, Wang claims he obtained a copy of his credit report from TransUnion and found that Asset Acceptance had reported the alleged debt on his credit report. Wang asserts that he disputed the alleged debt on his TransUnion credit report on or about February 11, 2008, and the alleged debt was removed from his credit report on or about February 16, 2008.

Wang alleges that Asset again reported the alleged debt to TransUnion on August 21, 2008, but did not report that Wang disputed the alleged debt, or that the alleged debt was no longer within the applicable statute of limitations.

Wang claims he disputed the debt with TransUnion in writing in late November 2008, carbon-copying Asset. By letter dated December 15, 2008, TransUnion allegedly indicated that Wang's credit report had been updated to show that he disputed Asset's tradeline.

Wang asserts that Asset again reported the alleged debt to TransUnion on June 2009, but reported the debt in a manner to eliminate the notation that Wang disputed the alleged debt which TransUnion had added, and still not disclose that the alleged debt was not within the applicable statute of limitations.

**3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.**

Plaintiff contends that

    (1)     Asset knew or should have known that Wang disputed the alleged debt and the alleged debt was past the statute of limitations;

    (2)     By reporting the alleged debt to credit reporting agencies (including TransUnion) on August 21, 2008 and in June 2009, but failing to report that Wang disputed the alleged debt or that it was past the statute of limitations, Asset violated California Civil Code § 1785.25(a) and the UCL;

    (3)     Asset is liable to Wang and his alleged class for statutory, punitive, and actual damages under the CCRAA and the UCL; and

    (4)     Wang and his alleged class is entitled to injunctive relief under the CCRAA and UCL.

Asset has filed a motion to dismiss the complaint which contends that the relevant provisions of the CCRAA and UCL are preempted by section 1681t(b)(1)(F) of the Fair Credit Reporting Act, and that the statutes do not impose a duty that would support Wang's claims.

**4.     Motions: All prior and pending motions, their current status, and any anticipated motions.**

Plaintiff's Complaint was filed on August 20, 2009 in the Superior Court for Alameda County, California. On October 8, 2009, Asset filed a Notice of Removal, removing this action to this Court, and a motion to dismiss the Plaintiff's claims under Federal Rule 12(b)(6). Plaintiff filed a motion to remand on October 21, 2009. The parties filed respective amended motions to coincide

with the Court's schedule on October 22, 2009.

Plaintiff anticipates filing (1) a motion for preliminary injunction and partial class certification; (2) a motion for full (i.e., damages) class certification and partial summary judgment, once appropriate discovery is taken. The parties completed a Rule 26(f) conference on January 4, 2010.  Defendant anticipates that if the complaint survives the pending motion to dismiss, it will file a motion to dismiss any subsequent complaint that is filed, and a motion for summary judgment. Defendant will oppose any motion for preliminary injunction or for class certification.

**5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.**

Plaintiff may amend his Complaint in the event that (1) his motion to remand is denied or (2) he deems it expedient to moot arguments made by Defendant in motion practice. Plaintiff has no intent to amend at present.

**6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.**

Plaintiff has been advised of their preservation obligations. Counsel has worked with Plaintiff to endeavor to locate and preserve all relevant documents in their possession. Plaintiff used a hard drive at various times relevant to this proceeding, which has failed through an apparent manufacturing defect. This hard drive may contain information relevant to this case. It is also contains privileged or confidential information. Plaintiff contends that the information contained on this hard drive is not reasonably accessible because of undue burden or cost, primarily because he has already provided Defendant with all of the documents which are reasonably relevant to this case, and that every other relevant document is in Defendant's possession, custody or control. Nonetheless, Plaintiffs has preserved this hard drive.  Defendant has also been advised of its obligation to preserve relevant evidence and it has issued a litigation hold in order to effectuate it responsibility to preserve potentially relevant documentation bearing on the issues raised in this case.

**7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the**

**disclosures made.**

None of the parties has provided a formal Rule 26(a) disclosure. The parties will move to extend the time for Rule 26(a) disclosures to March 3, 2010. Plaintiff has already submitted all of the documents he anticipates are necessary to support his claims as exhibits to his Complaint. *Cf.* Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiff does not believe he is a policyholder for any insurance policy relevant to this proceeding. *Cf.* Fed. R. Civ. P. 26(a)(1)(A)(iv).

**8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).**

The parties completed a Rule 26(f) conference on January 4, 2010. No discovery has been served as of the date of this Case Management Statement.

**9.    Class Actions: If a class action, a proposal for how and when the class will be certified.**

Plaintiff seeks certification of two classes, consisting of (1) all California residents which have given Asset written notice that they dispute a debt, which debt Asset has reported to any credit reporting agency without disclosing that the debt is disputed; and (2) all California residents which Asset has reported as owing a debt to any credit reporting agency, which debt is past the applicable statute of limitations but this fact was not reported to the credit reporting agencies.

Plaintiff contends that these classes can be certified for injunctive purposes under Rule 23(b)(2) without extensive discovery. Plaintiff plans to pursue injunctive class certification in connection with motions for preliminary injunction, once such discovery is complete. Plaintiff contends that these classes can also be certified for all purposes (including statutory damages) under Rule 23(b)(3) after appropriate discovery is taken.

With respect to the first class, Plaintiff intends to identify class members by (1) identifying repositories of documents which can objectively identify disputed debts (including, e.g., dispute inquiries from credit reporting agencies and answers to collection complaints) either automatically or through ministerial review; and (2) to then compare those disputes against Asset's communications with the credit reporting agencies. With respect to the second class, the declaration by Steven Parker (Dkt. No. 23) indicates that (1) Asset "maintains an electronic database of information relating to the

accounts it owns" which includes "the most recent address for the debtor" and "the date on which, according to Asset's calculations, the statute of limitations Asset applies to the account . . . will expire," and; (2) Asset could identify 177,023 accounts which it reported to credit reporting agencies where the person's last known address was in California and the debt was past the statute of limitations. The group identified in the Parker Declaration would constitute the second class, subject to certain qualifications.

The schedule for class certification motion practice is unknown because discovery has just begun.

Defendant contends that no class can be certified in this case, and Defendant plans to oppose any motion for class certification.

**10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.**

The parties are  not aware of any related cases.

**11.     Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.**

On an individual basis, Plaintiff seeks injunctive relief, actual damages (including emotional distress), punitive damages, costs, and attorneys' fees under California Civil Code section 1785.31. Actual damages will be shown according to proof at trial. Section 1785.31 provides statutory punitive damages for willful violations of "not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper[.]" Cal. Civ. Code § 1785.31(a)(2)(B). Plaintiff also seeks injunctive relief under the UCL, as well as costs and attorneys' fees under California Code of Civil Procedure section 1021.5.

On a class basis, Plaintiff seeks injunctive relief, those elements of actual damages appropriate for class treatment, punitive damages, and costs and attorneys fees. Section 1785.31 provides for punitive damages on a class basis:

> Notwithstanding any other provision of this section, any person who willfully violates
> any requirement imposed under this title may be liable for punitive damages in the

case of a class action, in an amount that the court may allow. In determining the amount of award in any class action, the court shall consider among relevant factors the amount of any actual damages awarded, the frequency of the violations, the resources of the violator and the number of persons adversely affected.

Cal. Civ. Code § 1785.31(c).

Defendant contends that Plaintiff is not entitled to recover any damages, either on an individual or a class basis. Defendant has not asserted a damage claim, but it reserves the right to seek to recover its attorney's fees and costs under federal or state law.

**12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.**

Both parties have informally expressed a willingness to explore settlement. Plaintiff believes that the Court's decision on the pending motion to dismiss will partially inform the parties' willingness to settle (because Plaintiff asserts he has federal law claims which he will bring if the Court dismisses his CCRAA claims with prejudice). No ADR Certification form has been filed.

**13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.**

Plaintiff will consent to have a magistrate judge conduct all further proceedings. The Defendant does not consent to use of the magistrate for all further proceedings.

**14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.**

The parties contend that the case is not suitable for binding arbitration, and that there is no need for reference to the Judicial Panel on Multidistrict Litigation or a special master to oversee discovery at present.

**15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.**

Plaintiff contends that the Court will expedite resolution of this case by ruling on (1) the viability of his CCRAA claims (and potentially his federal law claims); and (2) the class certification methodologies proposed by the parties. Defendant believes that the Court's ruling on pending motion

to dismiss may eliminate all the claims in the case or significantly narrow the issues.

Plaintiff contends that bifurcation of discovery is not appropriate, and in particular would prejudice his ability to seek preliminary injunctive relief for the alleged classes. Defendant contends that preliminary injunctive relief is not available in this case and will oppose any such motion.

**16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.**

Plaintiff contends that this case cannot otherwise be handled with streamlined procedures. Defendant is not presently aware of any expedited or streamlined procedures that may assist the case.

**17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.**

Plaintiff contends that the most significant future motions in this case require discovery, and that preparing a schedule is impossible absent that discovery. Nonetheless, assuming that he is able to gather sufficient evidence in a reasonable timeframe, Plaintiffs propose the following tentative deadlines: (1) filing motion for preliminary injunctions and partial class certification by August 1, 2010; (2) filing motion for full partial class certification by December 1, 2010; (3) designation of experts by February 1, 2011; (3) discovery cut-off by September 1, 2011; (4) filing motions for summary judgment by November 1, 2011; (4) final pretrial conference by January 1, 2012; and (5) trial commencing on February 1, 2012. Defendant contends that it is difficult to set a coherent pretrial schedule at this time because the outcome of the motion to dismiss is unclear, and because plaintiff has indicated that he may assert additional federal claims after the Court rules on the motion. Defendant asks that the Court postpone the setting of any pretrial deadlines at this time until after the pleadings in the case are settled.

**18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.**

Plaintiff has requested a jury trial and anticipates the trial will last approximately seven days. Defendant believes that seven days is a reasonable estimate of the length of trial based upon the claims as currently plead.

**19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by**

**Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.**

Plaintiff has filed his Civil Local Rule 3-16 statement. Plaintiff's counsel is not aware of any persons having either a financial interest in the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding, other than the named parties and the putative class members. Asset has filed its Certificate of Interested Parties pursuant to Local Rule 3-16, and other than the parties identified therein, i.e., Asset Acceptance Capital Corp, a publicly-traded Delaware corporation that trades on NASDAQ as "AACC", defendant Asset Acceptance, LLC., and plaintiff, Defendant is presently not aware of any persons having either a financial interest in the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

The parties are not presently aware of any other matter that would further facilitate the disposition of this case.

Dated: January 15, 2010        By:   s/Ethan Preston
                                           Ethan Preston (263295)
                                           PRESTON LAW OFFICES
                                           1658 North Milwaukee Avenue, No. 253
                                           (312) 492-4070 (telephone)
                                           (312) 262-1007 (facsimile)
                                           ep@eplaw.us

                                           *Attorneys for Plaintiff Johnny Wang, on his own behalf and behalf of all others similarly situated,*

Dated: January 15, 2010        By:   s/Tomio B. Narita
                                           Tomio B. Narita (156576)
                                           Jeffrey A. Topor  (195545)
                                           SIMMONDS & NARITA LLP
                                           44 Montgomery Street, Suite 3010
                                           San Francisco, CA 94104-4816
                                           (415) 283-1000 (telephone)
                                           (415) 352-2625 (facsimile)
                                           tnarita@snllp.com

jtopor@snllp.com

*Attorneys for Asset Acceptance, LLC*