UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY WANG, an individual, on his own behalf and on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ASSET ACCEPTANCE, LLC, a Delaware limited liability company, and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 09-4797 SC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Remand ("Motion") filed by Plaintiff Johnny Wang ("Plaintiff" or "Wang"). Docket No. 11. Plaintiff filed an Amended Notice of Motion to Remand. Docket No. 13. Defendant Asset Acceptance, LLC, ("Defendant" or "Asset") filed an Opposition and Plaintiff submitted a Reply. Docket Nos. 22, 25. For the following reasons, Plaintiff's Motion is DENIED.

## II. BACKGROUND

On August 20, 2009, Wang sued Asset in California Superior Court, County of Alameda. See Notice of Removal, Docket No. 1, Ex. A ("Compl."). Wang challenges Asset's debt collection practices. Id. ¶ 1. Wang faults Asset for reporting debts to

credit reporting agencies ("CRAs"), but failing to report, if applicable, that such debts are disputed, or that the debts are passed their statute of limitations. Id. Wang's action is a putative class action on behalf of two classes: (1) California residents who have disputed debts that have been reported by Asset to CRAs, and (2) California residents whose reported debts are not within the statute of limitations.[1] Id. ¶ 3.

Asset received a copy of the state court complaint on September 8, 2009, and removed the case to this Court on October 8, 2009. Notice of Removal ¶ 2. Plaintiff seeks to remand this action contending that Asset has not met its burden of proving federal jurisdiction under the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, §4, 119 Stat. 4, 9-12 (2005), codified at 28 U.S.C. § 1332(d). Mot. at 1.

III. **LEGAL STANDARD**

Federal district courts have original jurisdiction of any putative class action filed in state court where the amount in controversy exceeds $5,000,000, where the aggregate number of proposed plaintiffs is 100 or greater, and where there is minimal diversity between the plaintiffs and defendants. 28 U.S.C. § 1332(d); Lowdermilk v. U.S. Bank. Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007). The Court strictly construes the removal statute against removal jurisdiction, and therefore the defendant always has the burden of establishing that removal is proper. Gaus v.

---

[1] It is not clear from the Complaint whether the second class is limited to California residents. See Compl. ¶¶ 3, 28.

2

1  Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "[U]nder CAFA,
2  the burden of establishing federal jurisdiction remains, as
3  before, on the proponent of federal jurisdiction."  Abrego Abrego
4  v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006).  When
5  the plaintiff fails to plead a specific amount of damages, the
6  defendant seeking removal "must prove by a preponderance of the
7  evidence that the amount in controversy requirement has been met."
8  Id. at 683 (citing Gaus, 980 F.2d at 566-67); see also Sanchez v.
9  Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)
10 (defendant must provide evidence establishing that it is "more
11 likely than not" that the amount in controversy exceeds the
12 federal jurisdictional threshold).

**IV.   DISCUSSION**

   **A.   Putative Class Size and Amount in Controversy**

Wang's Complaint alleges that the population of potential class members is "huge" because the 2008 10-K Report of Asset's parent company indicates that "its portfolio includes 3,598,000 accounts where the purported debtor resides in California." Compl. ¶ 29.  Asset contends that:

> Assuming, without admitting, that just 1.4 percent of the accounts of California residents allegedly owed by Asset are at issue, the matter in controversy would exceed the sum or value of $5,000,000. . . .  Under that scenario, the purported class would have 50,372 members . . . . For each violation as the Court deems proper, the award of punitive damages would be at least $100, resulting in damages of at least $5,037,200 . . . .

Notice of Removal ¶ 3.

As Wang correctly points out, Asset's Notice of Removal offers no evidence to show that the purported class size consists of at least 100 members or that the amount in controversy exceeds $5,000,000. Mot. at 3-6. Mere allegations are not sufficient to overcome the strong presumption against federal jurisdiction. Gaus, 980 F.2d at 566-67; see also Lowdermilk, 479 F.3d at 1002 (court cannot maintain federal jurisdiction based on "speculation and conjecture").

However, in opposing Wang's Motion to Remand, Asset presents evidence indicating that, as of October 2009, Asset was furnishing information to CRAs concerning no less that 177,023 California accounts where the limitations period relating to those accounts has expired. Opp'n at 3; Parker Decl. ¶ 3.[2] This evidence shows that it is more likely than not that what Wang refers to as the "Out-Of-Statute Debt Class," see Compl. ¶ 28, consists of at least 100 members.

Wang seeks actual damages in the form of "declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, increased credit costs, and amounts paid to settle disputed debts not reduced to judgment to improve a credit rating." Compl. ¶¶ 2, 44, 57, 63. If each potential member of the Out-of-Statute Debt Class had only $28.26 in actual damages, the amount-in-controversy

---

[2] Steven Parker, Manager of the Consumer Resolution team in the Compliance Department of Asset, filed a declaration in support of Asset's Opposition. Docket No. 23.

4

1  requirement would be satisfied.

2  Wang also alleges that class members are entitled to punitive
3  damages, attorneys' fees, and injunctive and equitable relief.
4  Id. ¶¶ 2-3. Plaintiff's lawsuit is based on the Consumer Credit
5  Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1-
6  1785.36. Compl. ¶ 1. For willful violations of this title,
7  putative class members would be entitled to "[p]unitive damages of
8  not less than one hundred dollars ($100) nor more than five
9  thousand dollars ($5,000) . . . ." Id. § 1785.31(a)(2). Based on
10 the fact that Asset has 177,023 California accounts where the
11 limitations period has expired, and even just considering the
12 minimum amount of punitive damages that could be recovered by the
13 members of that putative class, the Court finds that it is more
14 likely than not that the amount in controversy exceeds $5,000,000.

15      **B.   Parker Declaration**

16 Wang contends that Asset should not be able to introduce
17 evidence with its opposition that could have been included in the
18 Notice of Removal. Mot. at 6-7; Reply at 2-4. The evidence
19 offered in opposition to a motion to remand can be construed as an
20 amendment to the notice of removal. Cohn v. Petsmart, Inc., 281
21 F.3d 837, 840 n.1 (9th Cir. 2002); see also Willingham v. Morgan,
22 395 U.S. 402, 405 n.3 (1969) ("it is proper to treat the removal
23 petition as if it had been amended to include the relevant
24 information contained in the later-filed affidavits"). After
25 thirty days, the removal petition cannot be amended to add
26 allegations of substance, but it can be amended to clarify
27 defective allegations of jurisdiction previously made. Barrow

28

1  Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969).
2  Allegations of substance include asserting a new basis for federal
3  jurisdiction.  See Hemphill v. Transfresh Corp., No. 98-0899, 1998
4  WL 320840, at *4 (N.D. Cal. June 11, 1998).
5       Here, Asset does not assert a new basis for jurisdiction for
6  the first time in its opposition to the motion to remand.  Asset's
7  Notice of Removal makes allegations concerning the amount in
8  controversy and the potential class size.  See Notice of Removal
9  ¶ 7.  In response to Wang's challenge to those allegations, Asset
10 has presented evidence showing that the aggregate number of
11 proposed plaintiffs is likely to be 100 or greater, and that it is
12 more likely than not that the amount in controversy exceeds
13 $5,000,000.  Parker Decl. ¶¶ 2-3; Opp'n at 6; see also McNutt v.
14 General Motors Acceptance Corp., 298 U.S. 178, 189 (1936) ("If his
15 allegations of jurisdictional facts are challenged by his
16 adversary in any appropriate manner, he must support them by
17 competent proof.").  Since Asset is merely clarifying its alleged
18 basis for federal jurisdiction, the Court is not precluded from
19 considering the evidence contained in the Parker Declaration.

**C.   Request for Expedited Discovery**

21      Wang requests leave to take expedited discovery on the
22 jurisdictional issues for rebuttal evidence.  Mot. at 7.  The
23 Court is not required to grant a request for jurisdictional
24 discovery.  See Abrego Abrego, 443 F.3d at 691.  Jurisdictional
25 discovery may be appropriate where a more satisfactory showing of
26 jurisdictional facts is necessary.  See Gibson v. Chrysler Corp.,
27 261 F.3d 927, 948 (9th Cir. 2001).  Here, however, Asset has met

its burden of establishing that removal was proper.  The Court DENIES Wang's request for leave to take expedited discovery.

## V.   CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion to Remand, and DENIES Plaintiff's request for expedited discovery.

IT IS SO ORDERED.

Dated: January 27, 2010

_____
UNITED STATES DISTRICT JUDGE

7