United States **District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNNY WANG, an individual, on his )    Case No. 09-4797 SC
own behalf and on behalf of those )
similarly situated,               )    ORDER GRANTING IN
                                  )    PART AND DENYING IN
        Plaintiff,                )    PART MOTION TO
                                  )    <u>DISMISS</u>
    v.                            )
                                  )
ASSET ACCEPTANCE, LLC, a Delaware )
limited liability company,        )
and DOES 1-100, inclusive,        )
                                  )
        Defendants.               )
_____)

**I.    INTRODUCTION**

        This matter comes before the Court on the Motion to Dismiss

("MTD") filed by Defendant Asset Acceptance, LLC ("Defendant" or

"Asset").  Docket No. 16.  Plaintiff Johnny Wang ("Plaintiff" or

"Wang") filed an Opposition and Defendant submitted a Reply.[1]

Docket Nos. 21, 24.  For the following reasons, the Motion to

Dismiss is GRANTED IN PART and DENIED IN PART.


**II.   BACKGROUND**

        On August 20, 2009, Wang sued Asset in California Superior

_____

        [1] Wang also submitted a motion to strike portions of the
Reply, or for leave to file a Sur-Reply.  Docket No. 26.  Section
III of the motion is the Sur-Reply.  The Court GRANTS Wang leave to
file a Sur-Reply and treats Section III of the motion as the Sur-
Reply.

**United States District Court**
For the Northern District of California

Court, County of Alameda.  <u>See</u> Notice of Removal, Docket No. 1, Ex. A ("Compl.").  Wang challenges Asset's debt collection practices.  <u>Id.</u> ¶ 1.  Wang faults Asset for reporting debts to credit reporting agencies ("CRAs"), but failing to report, if applicable, that such debts are disputed, or that the debts are passed their statute of limitations.  <u>Id.</u>  Wang's action is a putative class action on behalf of two classes: (1) California residents who have disputed debts that have been reported by Asset to CRAs, and (2) California residents whose reported debts are not within the statute of limitations.[2]  <u>Id.</u> ¶ 3.

Asset received a copy of the state court complaint on September 8, 2009, and removed the case to this Court on October 8, 2009.  Notice of Removal ¶ 2.  On January 27, 2009, the Court denied Wang's motion to remand this case back to state court.  Docket No. 32.  The Court now addresses Asset's motion to dismiss the Complaint.

**III. <u>LEGAL STANDARD</u>**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  Allegations of material fact are taken as true and

---

[2] It is not clear from the Complaint whether the second class is limited to California residents.  <u>See</u> Compl. ¶¶ 3, 28.

United States District Court

For the Northern District of California

construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The Court draws all reasonable inferences in favor of the nonmoving party. See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). "[A] complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory." Haddock v. Bd. of Dental Examiners, 777 F.2d 462, 464 (9th Cir. 1985). When dismissing a claim, the court should grant leave to amend, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.2000) (citation and internal quotation marks omitted).

**IV. DISCUSSION**

    **A. Statutory Framework**

        **1. California's Consumer Credit Reporting Agencies Act**

Section 1785.25(a) of the Consumer Credit Reporting Agencies Act ("CCRAA") provides: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Section 1785.25(c) provides:

> So long as the completeness or accuracy of any information on a specific transaction or experience furnished by any person to a consumer credit reporting agency is subject to a continuing dispute between the affected consumer and that person, the person may not furnish the information to any consumer credit reporting

3

agency without also including a notice that the information is disputed by the consumer.

Id. § 1785.25(c).

### 2.   Fair Credit Reporting Act

In 1996, in the Fair Credit Reporting Act ("FCRA"), Congress preempted most state laws relating to the duties of persons who furnish information to CRAs, but Congress expressly exempted from preemption claims under section 1785.25(a):

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply . . . . with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996).

15 U.S.C. § 1681t(b)(1)(F).

Section 1681s-2(a) of the FCRA contains a number of provisions that are similar to provisions of the CCRAA. The FCRA provides that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). The statute also provides that "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." Id. § 1681s-2(a)(3).

4

United States District Court
For the Northern District of California

Section 1681s-2(b) imposes additional duties on furnishers of information that are triggered only when the furnisher receives notice from a CRA that a consumer disputes the information.  Id. § 1681s-2(b).  The FCRA creates a private right of action for violations of these additional duties.  15 U.S.C. § 1681s-2(c).  However, duties imposed on furnishers under section 1681s-2(a) -- including the duty not to furnish information to CRAs without also providing notice that the consumer disputes that information -- are enforceable only by federal or state agencies.  Id. § 1681s-2(d); see also Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009).

**B.   Wang's First Cause of Action**

In his first cause of action, Wang seeks a declaratory judgment that he is not liable for the purported debt asserted by Asset.  Compl. ¶ 38.  Asset contends that there is no actual controversy between the parties, and that declaratory relief is not appropriate because the dispute is moot.  MTD at 11-12.  Asset asserts that it no longer seeks to collect the debt at issue from Wang, and Asset attaches a letter purporting to show that Asset has contacted CRAs to inform them that Asset no longer seeks to collect the disputed debt.[3]

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'"  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th

---

[3] The letter is attached as Exhibit A to Asset's motion as originally filed, Docket No. 8, but the exhibit is missing from Asset's amended motion, Docket No. 16.

United States District Court
For the Northern District of California

Cir. 2001) (quoting <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119 (9th Cir. 2002)); <u>see also</u> <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 925 (9th Cir. 2001) ("[E]xtraneous evidence should not be considered in ruling on a motion to dismiss."). Even if the Court could consider material beyond the pleadings, the Court will not dismiss Plaintiff's claim based on an unsworn letter from counsel for Defendant. The Court DENIES Asset's motion to dismiss Wang's claim for declaratory relief.[4]

**C.   <u>Wang's Second Cause of Action</u>**

In his second cause of action, Wang alleges that "Defendants received notice that Wang and the other members of the Disputed Debt Class disputed the amount and validity of the debts Defendants allege that they were obligated to pay." Compl. ¶ 42. "Defendants nonetheless reported those alleged debts to the CRAs, but failed to also communicate that the debts had been disputed." <u>Id.</u> ¶ 43. According to Wang, this conduct violated the CCRAA, Cal. Civ. Code § 1785.25(a). <u>Id.</u> ¶ 41

Asset contends that Wang's claim concerning the failure of Asset to notify the CRAs that his debt was disputed arises under section 1785.25(c) of the CCRAA, not section 1785.25(a). MTD at 5. As noted above, subsection (c) is preempted by the FCRA, but subsection (a) is not. <u>See</u> Part IV(A), <u>supra</u>. Hence, if Wang's

---

[4] This denial is made without prejudice to Defendant moving for summary judgment on Wang's claim for declaratory relief at a later stage of this litigation.

United States District Court
For the Northern District of California

allegations really give rise to a claim under subsection (c), then his cause of action should be dismissed as preempted.

A federal court interpreting a California statute applies California's rules of statutory interpretation. See In re Reaves, 285 F.3d 1152, 1156 (9th Cir. 2002). The Court's primary task is to determine the lawmakers' intent so as to effectuate the purpose of the statute. Olmstead v. Arthur J. Gallagher & Co., 32 Cal. 4th 804, 811 (2004); MacIsaac v. Waste Mgmt. Collection and Recycling, Inc., 134 Cal. App. 4th 1076, 1082 (Ct. App. 2005). The Court looks first to the words of the statute, and the language of a specific section must be construed in the context of the larger statutory scheme of which it is a part. Olmstead, 32 Cal. 4th at 811. Statutory provisions should not be interpreted in a manner that would render them superfluous. Imperial Merchant Servs., Inc. v. Hunt, 47 Cal. 4th 381, 390 (2009) (quoting Shoemaker v. Myers, 52 Cal. 3d 1, 22 (1990)).

Here, in his second cause of action, Wang alleges that despite being notified by consumers that the debts were disputed, Asset reported those debts to CRAs, without also notifying the CRAs that the debts were disputed. Compl. ¶¶ 42-43. This obligation to notify CRAs of disputed debts is clearly and unambiguously addressed by the California legislature in section 1785.25(c) of the CCRAA. Hence, the general obligation in section 1785.25(a) not to furnish CRAs with incomplete or inaccurate information cannot have been intended to include the obligation to notify CRAs of disputed debts. Otherwise, section 1785.25(c) would be superfluous and unnecessary. The Court rejects Wang's

7

contention that section 1785.25(a) includes a duty to notify CRAs when consumers dispute debts.  See Van Horn v. Watson, 45 Cal. 4th 322, 333 (2008) (rejecting broad reading of statute that would render other statutes unnecessary surplusage).

Since subsection (a) does not include an obligation to notify CRAs of disputed debts, Wang cannot rely on that subsection in his second cause of action.  Instead, Wang's allegations concerning Asset's misconduct clearly give rise to a cause of action under subsection (c).  However, as Wang concedes in his Opposition, the FCRA preempts section 1765.25(c) of the CCRAA.  See Opp'n at 7.

In his Opposition, Wang argues that it is unreasonable to interpret section 1785.25(a) of the CCRAA in a manner that would shield the very misconduct the legislature intended to prohibit. Opp'n at 7.  The Court does not doubt that the California legislature intended to require furnishers of information to CRAs to notify the CRAs if the consumer disputes the debt.  See Cal. Civ. Code § 1785.25(c).  However, it was the decision of Congress, not the California legislature, to preempt section 1785.25(c). Furthermore, and as noted above, the FCRA contains a provision almost identical to section 1765.25(c) of the CCRAA, see 15 U.S.C. § 1681s-2(a)(3), but no private right of action is available under that section, see 15 U.S.C. § 1681s-2(d).  Therefore, by preempting similar state laws, Congress intended for this duty to provide notice when consumers disputed their debts to be enforced by federal and state authorities, not private citizens.  Since Wang's claim, when properly construed, arises under section 1785.25(c) of the CCRAA, and since this provision is preempted by

8

the FCRA, the Court must dismiss Wang's second cause of action. Because alleging other facts will not cure this deficiency, the Court dismisses Wang's second cause of action without leave to amend.

### D.   **Fourth Cause of Action**

As his fourth cause of action, Wang alleges that Asset violated section 1785.25(a) of the CCRAA by failing to report to CRAs that his debt, and those of putative class members, were no longer within the applicable statute of limitations.  Compl. ¶¶ 52-56.  The Court finds, as a matter of law, that Asset had no duty to report applicable statutes of limitations to CRAs, but that Wang has still stated a claim for violation of section 1785.25(a).

### 1.   **No Duty to Report Statute of Limitations**

Section 1785.25(a) prohibits the furnishing of incomplete and inaccurate information.  Cal. Civ. Code § 1785.25(a).  It is clear from the plain language of section 1785.25(a) that it contains no duty to report to CRAs that debts are within the applicable statute of limitations, and Wang has cited no authority indicating that section 1785.25(a) has been interpreted to require such a duty.

Consideration of the nature of a statute-of-limitations defense convinces the Court that section 1785.25(a) does not include this duty.  The statute of limitations is an affirmative defense.  <u>Norgart v. Upjohn Co.</u>, 21 Cal. 4th 383, 396 (1999).  A statute of limitations does not operate to extinguish a debt, but merely bars recovery on a debt when properly asserted.  <u>Dep't of</u>

9

United States District Court
For the Northern District of California

Indus. Relations v. Seaboard Surety Co., 50 Cal. App. 4th 1501, 1511 (Ct. App. 1996).  As an affirmative defense, the statute of limitations is waived if not raised by the defendant.  See Minton v. Cavaney, 56 Cal. 2d 576, 581 (1961); see also County of Los Angeles v. Comm'n on State Mandates, 150 Cal. App. 4th 898, 912 (Ct. App. 1997) ("Forfeiture of a time-bar defense transpires by the failure to raise the applicable statute of limitations in the answer"); Gailing v. Rose, Klein & Marias, 43 Cal. App. 4th 1570, 1577 (Ct. App. 1996) ("The defendant must raise . . . [the statute-of-limitations defense] or the plaintiff has every right to collect a full judgment.").  Since it is possible that a debtor may waive this defense by failing to raise it if sued in California, and since the statutory provision contains no mention of an affirmative duty to report that a statute of limitations has expired, the Court finds that section 1785.25(a) of the CCRAA does not impose upon Asset a duty to report information related to any applicable statute of limitations to CRAs.

> **2.   Wang States a Claim for Violation of Section 1785.25(a)**

Nevertheless, accepting the allegations in the Complaint as true, and drawing all reasonable inferences in Wang's favor, Wang's Complaint still states a claim for violation of section 1785.25(a).  Wang alleges that Asset sued him in California state court, but Asset dismissed the suit on August 9, 2007, after Wang answered the complaint asserting affirmative defenses, including that the applicable statute of limitations had expired.  Compl. ¶¶ 14-16.  Despite dismissing the state court action in August

United States District Court

For the Northern District of California

2007, Asset reported the debt to TransUnion in August 2008, and June 2009. Id. ¶¶ 15, 18, 22; Ex. 2 ("2008 TransUnion Credit Report"), Ex. 4 ("2009 TransUnion Credit Report").

The August 2008 tradeline categorized the debt as "seriously past due." Id. ¶ 19. Asset's 2009 tradeline contains the notations "Date placed for collection: [04/2005]," "Account Type: Open Account," and "Pay Status: >Collection Account<." Id. ¶ 23. Earlier, TransUnion had added a remark to Wang's Credit Report indicated that "ACCT INFO DISPUTED BY CONSUMR." Id. ¶¶ 21; Ex. 3 ("TransUnion Letter"). Asset's 2009 tradeline replaced this remark with ">Placed for collection<." Id. ¶ 24; 2009 TransUnion Credit Report.

Having dismissed the state court action, it is reasonable to infer that Asset could no longer collect on the debt. Indeed, when addressing Wang's claim for declaratory relief, Asset states that it is no longer seeking to collect a debt from Wang. MTD at 12. Yet, after the state court action was dismissed, Asset continued to report the debt to TransUnion, and Asset continued to report the debt in a manner that suggests it could still collect on it. Based on Asset's continued reporting of the debt to TransUnion despite having dismissed the state court action, the Court finds that the Complaint contains sufficient allegations to state a claim for relief under section 1785.25(a) of the CCRAA, which prohibits Asset from furnishing incomplete or inaccurate information to CRAs. The Court DENIES Asset's motion to dismiss Wang's fourth cause of action for violation of section 1785.25(a)

1   of the CCRAA.[5]

2       **E.    Third and Fifth Cause of Action**

3       Wang's third and fifth causes of action allege a violation of

4   the California Unfair Competition Law ("UCL"), Business and

5   Professions Code, section 17200 _et seq._  Compl. ¶¶ 46-51, 59-64.

6   Asset contends that these causes of action must be dismissed

7   because they are preempted by the FCRA.  MTD at 10-11.

8       The Court agrees that Wang's UCL claims are preempted.  While

9   the FCRA exempts section 1785.25(a) of the CCRAA from preemption,

10  it also provides that "[n]o requirement or prohibition may be

11  imposed under the laws of any State . . . with respect to any

12  subject matter regulated under . . . section 1681s-2 of this

13  title, relating to the responsibilities of persons who furnish

14  information to consumer reporting agencies . . . ."  15 U.S.C.

15  § 1681t(b)(1)(F).  Recently, the Ninth Circuit clarified that the

16  FCRA does not preempt section 1785.25(g) and section 1785.31 of

17  the CCRAA because those sections do not impose a requirement or

18  prohibition.  <u>Gorman</u>, 584 F.3d at 1170-71.  Instead, those

19  sections provide a vehicle for private parties to enforce section

20

21          [5] Whether Wang's lawsuit can be maintained as a class action
    is a question for another day.  What makes the information
22  furnished by Asset to TransUnion potentially inaccurate or
    incomplete is the fact that Asset had previously dismissed a
23  lawsuit against Wang.  In response to Wang's motion to remand,
    Asset filed a declaration indicating that, as of October 2009,
24  Asset was furnishing information to CRAs concerning no less that
    177,023 California accounts where the limitations period relating
25  to those accounts has expired.  <u>See</u> Docket No. 23 ("Parker Decl.").
    The Court has no information concerning how many lawsuits Asset has
26  filed, and dismissed, against California residents or holders of
    California accounts.  Such issues are beyond the scope of this
27  Order, which merely seeks to determine whether Wang's Complaint
    states a claim upon which relief can be granted.

28                                    12

1785.25(a) of the CCRAA.   <u>Id.</u>

Here, however, California's UCL does impose a requirement or prohibition.  This statutory scheme prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  The UCL provides plaintiffs with an independent cause of action.  <u>See</u> <u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.</u>, 20 Cal. 4th 163, 179-80 (1999)(describing UCL as independent of other laws, and noting that UCL makes violations of other laws "independently actionable").  Since the UCL would impose an independent requirement or prohibition on furnishers of information to CRAs, it is preempted by the FCRA. <u>See</u> <u>Howard v. Blue Ridge Bank</u>, 371 F. Supp. 2d 1139, 1143-44 (N.D. Cal. 2005) (granting motion to dismiss section 17200 claim because preempted by FCRA); <u>Roybal v. Equifax</u>, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) (finding state claims, including UCL claim, preempted); <u>Riley v. General Motors Acceptance Corp.</u>, 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002) ("there is no question that the statutory prohibition precludes suits under state consumer protection laws").  According, the Court dismisses Wang's UCL claims.  Because alleging other facts will not cure the deficiency, the Court dismisses Wang's third and fifth causes of action without leave to amend.

///

///

///

///

///

13

1

**V.    CONCLUSION**

2        For the reasons stated above, the Motion to Dismiss filed by

3   Asset Acceptance, LLC, is GRANTED IN PART and DENIED IN PART.   The

4   Court dismisses Johnny Wang's second, third, and fifth causes of

5   action WITH PREJUDICE.   The Court does not dismiss Johnny Wang's

6   first and fourth causes of action.

7

8        IT IS SO ORDERED.

9

10       Dated: February 2, 2010

11                                        _____

12                                        UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

14