Harry Shulman (209908)
THE MILLS LAW FIRM
880 Las Gallinas Avenue, Suite 2
San Rafael, CA 94903
(415) 455-1326 (telephone)
(415) 455-1327 (facsimile)
harry@millslawfirm.com

Ethan Preston (263295)
PRESTON LAW OFFICES
1658 North Milwaukee Avenue, No. 253
Chicago, IL 60622
(312) 492-4070 (telephone)
(312) 262-1007 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Johnny Wang, on his own
behalf and behalf of all others similarly situated,*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHNNY WANG, an individual, on his own behalf and on behalf of all others similarly situated, | No. 09-04797 SI |
| Plaintiff, | Judge Susan Illston |
| v. | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| ASSET ACCEPTANCE, LLC, and TRANS UNION, LLC, Delaware limited liability companies, and DOES 1-100, inclusive, | |
| Defendants. | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Johnny Wang ("Wang" or "Plaintiff"), by his attorneys, makes this complaint against Defendants Asset Acceptance, LLC ("Asset") and Trans Union, LLC ("Trans Union"). Wang's allegations are based on information and belief, except to his own actions, which are based on knowledge. Wang's information and belief are based on the investigation of his counsel, and facts that are a matter of public record.

**Nature of the Claim**

1.      This class action lawsuit arises from Defendants' credit reporting and debt collection

activities. In his original complaint, Plaintiff sued only defendant Asset for reporting an alleged debt without also reporting that it was disputed. Plaintiffs' allegations were based on Trans Union credit reports which indicated that Asset did exactly this. In discovery, Asset produced documents which suggest that, on at least two occasions in 2008 but not on a third in 2009, Asset reported the debt to Trans Union as disputed. If the 2008 reports are genuine and were properly transmitted to Trans Union, then Trans Union is liable for failing to note the dispute in plaintiffs' 2008 consumer credit reports. In any event, Asset wrongfully reported the debt as undisputed to Trans Union in June 2009, and Trans Union wrongfully included it in plaintiff's credit report at that time. Because the debt reporting process is highly automated both for furnishers like Asset and Credit Reporting Agencies (CRAs) like Trans Union, it appears that the failures alleged in this complaint are systematic on behalf of both Asset and Trans Union and warrant class action treatment.

2.     Asset is one of the largest debt collectors in the country, and Trans Union is one of the "big three" CRAs in the country (along with Experian and Equifax, who reported the disputed debt properly and are not defendants in this action). Asset's parent company is a publicly-traded corporation on the New York Stock Exchange, and maintains a portfolio of consumer debt with $32 billion in face value. Asset buys alleged debts from third parties at a steep discount (approximately 2.5 cents on the dollar), and seeks to collect those debts from consumers. Asset has a business practice of reporting alleged debts to the CRAs when the debts have been disputed (1) in litigation and/or (2) through the CRAs. These practices violate the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692-1692p), the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §§ 1681-1681x), and the Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code §§ 1785.1-1785.36).

3.     In addition or the alternative, Trans Union reports alleged debts which have been reported as disputed by furnishers, without reporting that such alleged debts have been disputed. This practice violates the FCRA.

4.     These practices have caused Wang and other consumers actual damages in the form of declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and

private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, increased credit costs, and amounts paid to settle disputed debts not reduced to judgment to improve a credit rating. Moreover, since Defendants' actions were intentional or reckless, Plaintiff and the class members are further entitled to statutory damages.

## Parties

5.  Plaintiff Johnny Wang is a natural person residing in San Francisco, California.

6.  Defendant Asset Acceptance, LLC is a Delaware limited liability company which maintains its headquarters at 28405 Van Dyke Avenue, Warren, Michigan 48093. Asset's business consists of purchasing and collecting defaulted or charged-off accounts receivable portfolios from consumer credit originators. In connection with this business, Asset regularly and in the ordinary course of its business, collects or attempts to collect debts (or purported debts) from natural persons.

7.  Defendant Trans Union, LLC is a Delaware limited liability company which maintains its headquarters at 33 North LaSalle Street, Chicago, Illinois 60602. Trans Union is a consumer credit reporting agencies under the meaning of California Civil Code subsection 1785.3(d) and 15 U.S.C. § 1681a(f). Trans Union is one of the three largest credit reporting agencies in the country.

8.  Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff.

9.  Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment,

partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied

permission, knowledge, consent, authorization and ratification of their co-defendants; however, each

of these allegations are deemed "alternative" theories whenever not doing so would result in a

contraction with the other allegations.

10.     All Defendants, including Does 1 through 100, are collectively referred to as

"Defendants." Whenever this complaint makes reference to any act of Defendants, the allegations

shall be deemed to mean the act of those defendants named in the particular cause of action, and each

of them, acting individually, jointly and severally, unless otherwise alleged.

**Jurisdiction and Venue**

11.     Wang asserts federal claims under the FDCPA and FCRA. This Court has subject

matter jurisdiction over this matter under 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. §

1692k(d). The Court has supplemental jurisdiction over Wang's CCRAA claim.

12.     This Court has personal jurisdiction over the Defendants under California Code of

Civil Procedure section 410.10 because the acts alleged herein were committed and injury was

incurred in Alameda County.

13.     Venue is also proper before this Court under 28 U.S.C. § 1391(a)(2), (c).

**Intradistrict Assignment**

14.     A substantial part of the events which give rise to the claim occurred in Alameda

County. Under Local Rule 3-2(c), (d), this civil action is properly assigned to the San Francisco or

Oakland division of the Northern District of California.

**Allegations as to Plaintiff's Individual Claims**

15.     **The Disputed, False Debt:** Asset has attempted to collect a false debt ("False Debt")

arising from an account balance with Pacific Bell Telephone, doing business as SBC. The False Debt

allegedly arose from the unpaid balance on a residential telephone service account in Wang's name at

Wang's former address. However, when Wang left his former address he terminated his telephone

service and paid the account in full. Wang is not, and has never been, liable for the False Debt.

16.     **Wang Disputes the False Debt in Litigation:** On April 11, 2007, Asset filed a

lawsuit against Wang in San Francisco County to obtain a judgment on the False Debt. Asset's complaint alleged that Wang owed a balance on a Pacific Bell Telephone account number 5955107204820 totaling $6,331.92, along with interest accruing since August 6, 2003, and that Asset had purchased the False Debt.

17.     Wang answered Asset's complaint on June 4, 2007. Wang's answer averred:

> Defendant denies, generally and specifically, each and every allegation in the unverified Complaint and each purported cause of action thereof, and further denies that Plaintiff or any other persons have been damaged in any sum, or at all, by reason of any act or omission of Defendant.

(A true and correct copy of Wang's June 4, 2007 answer is attached as Exhibit 1.)  Wang also asserted numerous affirmative defenses, including that the False Debt was barred by the applicable statute of limitations. In response to Wang's answer, Asset dismissed its complaint against Wang on August 9, 2007. Like most non-lawyer consumers, Wang believed that Asset's dismissal of its lawsuit meant that he had demonstrated the invalidity of the debt for once and for all.

18.     In February 2008, Wang obtained a copy of his credit report from Trans Union and was surprised to find that it indicated that Asset had reported the False Debt. Not only did Asset report the debt even though it had dismissed the lawsuit against Wang, but it failed to report either the lawsuit or its dismissal in its report. These failures violated the CCRAA, as set forth below in paragraph 24.

19.     Pursuant to 15 U.S.C. § 1681i,  Wang disputed the False Debt tradeline on his Trans Union credit report on or about February 11, 2008, and Trans Union removed the False Debt from his credit report on or about February 16, 2008.

20.     **Asset Apparently Improperly Reports the False Debt in August 2008:** On September 12, 2008, Wang obtained another copy of his credit report from Trans Union. (A true and correct excerpt of Wang's September 12, 2008 Trans Union credit report is attached as Exhibit 2.) The September 2008 credit report again contained a tradeline from Asset, which indicated that Asset re-reported the False Debt to Trans Union on August 21, 2008.

21.     Asset's August 2008 tradeline categorized the debt as "Collection Accounts: Accounts

seriously past due" and contained the statement "Date Opened: 04/01/2005." The "Remarks" section of Asset's August 2008 tradeline was blank, indicating that Asset did not report the debt as disputed. If Asset failed to report the debt as disputed, as the September 2008 Trans Union credit report indicates, this would violate the following laws and indicate serious disregard for Asset's credit reporting obligations: (1) the FDCPA, 15 U.S.C. §1692(e), for reporting the False Debt without disclosing that Wang disputed it, even though it knew this; (2) the FCRA, 15 U.S.C. § 1681s-2(b), for continuing to report inaccurate and incomplete information about the False Debt by failing to disclose that Wang disputed it, even though Wang had disputed it under 15 U.S.C. § 1681i; and (3)  the CCRAA, Cal. Civ. Code §1785.25(a), for reporting the False Debt to Trans Union but failing to disclose that it had filed and served a complaint against Wang on the False Debt and then dismissed its claims, even though it knew this.

22.     **Wang Disputes the False Debt Again in November 2008:** Pursuant to 15 U.S.C. § 1681i, Wang again disputed the debt with Trans Union in writing in late November 2008, copying Asset on the dispute letter. By letter dated December 15, 2008, Trans Union indicated that Wang's credit report had been updated by adding the following statement in the "Remarks" section of Asset's tradeline: "ACCT INFO DISPUTED BY CONSUMR." (A true and correct excerpt of Trans Union's December 15, 2008 letter to Wang is attached as Exhibit 3.)

23.     **Asset Improperly Reports the False Debt in June 2009:** On July 22, 2009, Wang obtained yet another copy of his credit report from Trans Union. (A true and correct excerpt of Wang's July 22, 2009 Trans Union credit report is attached as Exhibit 4.) The July 2009 credit report indicates that Asset ***again*** reported the debt without noting the dispute or the lawsuit. Specifically, Asset's June 2009 tradeline contained the notations "Date placed for collection: [04/2005]," "Account Type: Open Account," "Pay Status: >Collection Account<."  In effect, Asset's June 2009 tradeline not only reported inaccurate and incomplete information, it did so by deleting and replacing accurate information supplied by Trans Union.

24.     Asset violated 15 U.S.C. §1692(e) in June 2009 by failing to report that Wang disputed the debt even though it knew this. In the course of reinvestigating the debt as required by the

FCRA, Asset violated 15 U.S.C. § 1681s-2(b) by failing to discover and/or report that Wang disputed the False Debt under 15 U.S.C. § 1681i, and/or continuing to report inaccurate and incomplete information about the False Debt (namely that the False Debt was not disputed), even though it knew this. Asset also violated the CCRAA, Cal. Civ. Code § 1785.25(a), by reporting the False Debt to Trans Union but failing to disclose that it had filed and served a complaint against Wang on the False Debt and then dismissed its claims, even though it knew this.

25. **Trans Union Improperly Reports the False Debt in September 2008 and June 2009:** In its responses to discovery issued by Plaintiff, Asset has contended that it reported the False Debt to Trans Union as disputed on August 21, 2008. If Asset properly reported the False Debt as disputed to Trans Union on August 21, 2008, then Trans Union's failure to note in the September 2008 and July 2009 credit reports that the False Debt was disputed violated 15 U.S.C. § 1681c(f).

26. **Wang's Damages:** Wang began to dispute the false debt shortly after he learned of it. In the course of disputing the false debt, Wang has incurred charges for postage for mailing disputes, long distance telephone charges, lost cellular telephone airtime, lost wages for time spent disputing matters, and charges for the purchase of credit reports. Wang was unable to rent his current residence without a co-signor, and was unable to co-sign for his partner's rental residence because of the false debt on his credit report. Wang has also been notified that he has been refused higher credit lines on business and personal credit cards, because of Asset's derogatory tradeline on his credit report.

Allegations as to Class Certification

27. Wang seeks certification of three classes and a subclass pursuant to Federal Rule of Civil Procedure 23.

28. **FDCPA Class Definition:** Wang claims against Asset, on behalf of himself and a class of all natural persons

a. whom Asset or its agents reported, stated, or represented to any CRA as owing a debt without also communicating to the CRA that the person disputed the debt; and

b. which debt Asset knew or should have known was disputed because the person

---

FIRST AMENDED CLASS
ACTION COMPLAINT

7

No. 09-04797 SI

disputed such debt in writing: (i) directly with Asset or its attorneys; (ii) with any of the CRAs under 15 U.S.C. § 1681i(a)(1); or (iii) with any person who previously held the disputed debt and later sold it to Asset, where Asset received notice of the dispute in connection with the purchase of the debt

("FDCPA Class"). Members of the FDCPA Class can be readily identified from Defendants' records. Members of the FDCPA Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice.

29. **Reinvestigation Subclass Definition:** Wang also claims against Asset a subclass of all FDCPA Class members

    a. where Asset received notice, pursuant to 15 U.S.C. § 1681i(a)(2), that the person disputed the alleged debt with any of the CRAs under 15 U.S.C. § 1681i(a)(1); and

    b. after receiving this notice, Asset continued to report the debt without noting it was disputed.

("Reinvestigation Subclass") Members of the Reinvestigation Subclass can be readily identified from Defendants' records. Members of the Reinvestigation Subclass may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice.

30. **CCRAA Class Definition:** Wang also claims against Asset a separate class of all natural persons residing in California

    a. against whom Asset filed and served a complaint alleging the person owed a debt;

    b. which the person disputed by way of answer or other response;

    c. which complaint Asset later dismissed, without receiving any payment of money by the alleged debtor;

    d. whom Asset subsequently reported to CRAs as owing the debt without also communicating to the CRA that Asset had filed and dismissed a complaint against the alleged debtor based on the alleged debt.

("CCRAA Class"). Members of the CCRAA Class can be readily identified from Defendants' records, or the records of Asset's collection lawyers. Members of the CCRAA Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or

appropriate by the Court) by published notice.

31. **Trans Union Class Definition:** Wang brings claims against Trans Union, on behalf of himself and a class of all natural persons

    a. whom any furnisher reported, stated, or represented as owing a debt which the consumer disputed; and

    b. which debt Trans Union subsequently reported without reporting that it was disputed.

("Trans Union Class"). Members of the Trans Union Class can be readily identified from Defendants' records. Members of the Trans Union Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice.

32. **Numerosity:** The exact number of members of the Classes is unknown and is not available to Plaintiffs at this time, but such information is readily ascertainable by Defendants. Asset's parent company's 10-K report for the 2008 fiscal year 2008 indicates that its portfolio includes 3,598,000 accounts where the purported debtor resides in California. The population of potential Class members is so huge that even if the percentage that qualified as a member of either Class were very small, it could render individual joinder impracticable. On this basis, Plaintiff alleges that individual joinder of the members of the respective Classes is likely to be impracticable.

33. **FDCPA Class Commonality:** Common questions of fact and law exist as to all members of the FDCPA Class and predominate over the questions affecting only individual members of the FDCPA Class. These common questions include:

    a. Whether Asset maintains a system that automatically adds an indication of that a debt is disputed whenever Asset receives notice of such dispute from a consumer;

    b. Whether Asset maintains a system that automatically adds an indication that a debt is disputed whenever Asset receives notice of such dispute from a CRA;

    c. Whether Asset had a pattern and practice of communicating to any CRA that the FDCPA Class member owed a such debt, without also communicating to the CRA that the FDCPA Class member disputed that debt;

    d. Whether this practice violates 15 U.S.C. § 1692e(8); and

e.   Whether Plaintiff and other members of the FDCPA Class are entitled to damages, statutory damages, attorneys' fees, and declaratory relief, pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 2201.

34.   **Reinvestigation Subclass Commonality:** Common questions of fact and law exist as to all members of the Reinvestigation Subclass and predominate over the questions affecting only individual members of the Reinvestigation Subclass. These common questions include:

a.   Whether Asset had a system that automatically adds an indication that a debt is disputed whenever Asset receives notice of such dispute from a CRA pursuant to 15 U.S.C. § 1681i(a)(2);

b.   Whether Asset had a pattern and practice, after receiving notice of a dispute from a CRA, of re-reporting the debt without noting the dispute;

c.   Whether Asset had a system for reasonably re-investigating debts that consumers disputed pursuant to 15 U.S.C. §1681i;

d.   Whether that system, if it exists, sufficiently apprises CRAs that a particular debt is disputed;

e.   Whether Asset's conduct violated 15 U.S.C. § 1681s-2(b)(1)(E); and

f.   Whether Plaintiff and other members of the Reinvestigation Subclass are entitled to damages, statutory damages, attorneys' fees, and declaratory relief, pursuant to 15 U.S.C. §§ 1681n, 1681o and 28 U.S.C. § 2201.

35.   **CCRAA Class Commonality:** Common questions of fact and law exist as to all members of the CCRAA Class and predominate over the questions affecting only individual members of the CCRAA Class. These common questions include:

a.   Whether Asset had a pattern and practice of filing lawsuits against debtors, knowing that the lawsuits would be dismissed if the debtor answered and denied the claim;

b.   Whether Asset had a pattern and practice of reporting such debts even after dismissing the lawsuits, even though the debtor had made no payment on the alleged debt, without also notifying the CRAs of the lawsuits and the dismissals;

c.   Whether there is a way for Asset to make reports regarding dismissed lawsuits, and if not, whether Asset should be required to develop such a means of reporting;

d.   Whether Asset used lawsuits as a tool of intimidation in its effort to collect debts;

FIRST AMENDED CLASS ACTION COMPLAINT

10

No. 09-04797 SI

e.   Whether this conduct violated California Civil Code section 1785.25(a); and

f.   Whether Plaintiff and other members of the CCRAA Class are entitled to damages (including statutory damages), costs, injunctive relief, and attorneys' fees pursuant to Civil Code section 1785.31.

36.    **Trans Union Class Commonality:** Common questions of fact and law exist as to all members of the Trans Union Class and predominate over the questions affecting only individual members of the Trans Union Class. These common questions include whether:

a.   The procedures which Trans Union required its furnishers to use when notifying it of a disputed debt;

b.   The procedures by which Trans Union updated its consumer credit reports to reflect the disputes reported by its furnishers;

c.   The procedures which Trans Union used to prevent disputed debts from reappearing on consumer credit reports without the dispute being noted;

d.   Whether these procedures are reasonable;

e.   Whether Trans Union's conduct in reporting disputed debts without noting the dispute violates 15 U.S.C. § 1681c(f);

f.   Whether Plaintiff and other members of the Trans Union Class are entitled to damages, statutory damages, attorneys' fees, and declaratory relief, pursuant to 15 U.S.C. §§ 1681n, 1681o and 28 U.S.C. § 2201..

37.    **Typicality:** Plaintiff's claims are typical of the claims of the other members of the respective Classes. Plaintiff is not different in any relevant way from any other member of the respective Classes, and the relief he seeks is common to the respective Classes.

38.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the other members of the respective Classes: his interests do not conflict with their respective interests. Plaintiff has retained counsel competent and experienced in complex class actions, and he intends to prosecute this action vigorously.

39.    **Predominance and Superiority:** The respective Classes alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is

---

FIRST AMENDED CLASS
ACTION COMPLAINT

11

No. 09-04797 SI

impracticable. The damages suffered by each individual member of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for members of the respective Classes to individually obtain effective relief from Defendants' misconduct. Even if members of the respective Classes themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

40.     **Generally Applicable Policies:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the respective Classes as a whole. The policies of the Defendants challenged herein apply and affect members of the respective Classes uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiff.

### FIRST CAUSE OF ACTION:
**Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, Against Asset and other Defendants except Trans Union, by Plaintiff Individually and on Behalf of the FDCPA Class**

41.     Wang incorporates by reference and realleges all paragraphs previously alleged herein.

42.     Wang and all the members the FDCPA Class are natural persons which Asset alleges or alleged are obligated to pay debts, and are consumers under the meaning of 15 U.S.C. § 1692a(3).

43.     Asset is a debt collector under the meaning of 15 U.S.C. § 1692a(6).

44.     Wang and the other members of the FDCPA Class communicated to Asset and/or the CRAs that they disputed the amount and validity of the debts Asset alleges that they were obligated to pay. Asset knew or should have known that the FDCPA Class members had disputed those debts, because their records include a written dispute of such debt by the FDCPA Class member.

45.     Asset nonetheless reported those alleged debts to the CRAs, but failed to also communicate that the debts had been disputed.

46.     15 U.S.C. § 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

47.     Asset and the other Defendants' reporting of the debts to the CRAs was a false, deceptive, or misleading representation or means, and violated 15 U.S.C. § 1692e. (Whenever Wang refers to "other Defendants" in this cause of action, the phrase excludes Trans Union.)

48.     Asset and the other Defendants do not have a reasonable system in place to ensure that they report disputed debts properly to the CRAs. The actions of Asset and the other Defendants were not the result of a *bona fide* error, and demonstrate the failure to maintain reasonable procedures adapted to avoid such errors.

49.     Wang and the other members of the FDCPA Class have suffered actual injury as a result of these violations of 15 U.S.C. § 1692e(8). These injuries include declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, increased credit costs, and amounts paid to settle fraudulent debts.

50.     In addition, Wang and the other members of FDCPA Class seek to recover statutory damages and the costs of the action (including attorneys' fees) under 15 U.S.C. § 1692k.

**SECOND CAUSE OF ACTION:**
**Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), Against Asset and the other Defendants (except Trans Union), by Plaintiff Individually and on Behalf of the Reinvestigation Subclass**

51.     Wang incorporates by reference and realleges all paragraphs previously alleged herein.

52.     Asset and the other Defendants caused statements that Wang and the other members of the Reinvestigation Subclass owed certain debts to be included in their credit reports. (Whenever Wang refers to "other Defendants" in this cause of action, the phrase excludes Trans Union.)

53.     Wang and the other members of the Reinvestigation Subclass disputed the alleged

debts that Asset reported on their credit reports directly with the CRAs under 15 U.S.C. § 1681i. Asset and the other Defendants received notice of these disputes under 15 U.S.C. § 1681i(a)(2). Asset and the other Defendants were then obligated to reinvestigate these disputes under 15 U.S.C. § 1681s-2. Asset and the other Defendants' reinvestigation should have determined that the debt was disputed, and that the report they were furnishing was inaccurate, incomplete, or could not be verified.

54.    Under 15 U.S.C. § 1681s-2(b)(1)(E), Asset and the other Defendants then had a duty to modify the disputed information, delete the disputed information, or permanently block the reporting of the disputed information. However, Asset and the other Defendants continued to report the disputed information to the CRAs without noting that Wang and the other members of the Reinvestigation Subclass had disputed the information. Asset and the other Defendants' conduct violated 15 U.S.C. § 1681s-2(b)(1)(E).

55.    Plaintiff and other members of the Reinvestigation Subclass are entitled to actual and statutory damages, attorneys' fees, and declaratory relief, pursuant to 15 U.S.C. §§ 1681n, 1681o and 28 U.S.C. § 2201.

**THIRD CAUSE OF ACTION**
**(Violation of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code, § 1785.25(a), by**
**Plaintiff, individually and on behalf of the CCRAA Class,**
**Against All Defendants except Trans Union)**

56.    Wang incorporates by reference and realleges all paragraphs previously alleged herein.

57.    Trans Union, Experian, and Equifax are consumer credit reporting agencies, under the meaning of California Civil Code subsection 1785.3(d).

58.    The CCRAA prohibits persons from furnishing information on specific transactions "to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25 (a) (2010).

59.    Asset filed a complaint against Wang and the other CCRAA Class members, alleging they owed a debt. Asset served Wang and the other CCRAA Class members with such complaint. In response, Wang and the CCRAA class members denied and/or disputed the debt. In response to those

disputes/denials, Asset dismissed its complaints even though Wang and the class members made no payments on the alleged debt. In effect, Asset and the other Defendants used the lawsuits as collection tools, attempting to intimidate Wang and the CCRAA class members into paying debts they did not owe. When Wang and the CCRAA class members refused to be intimidated, Asset and the other Defendants simply dismissed their complaints and resorted to other tools in their collection arsenals. Not only was this a misuse of the legal process, but if ever there were a situation where a debt collector knew that the alleged debtor disputed the debt, it is when the alleged debtor does so within the formal confines of litigation. Even so, Asset and the other Defendants continued to report the alleged debts without noting the lawsuits and dismissals. By this failure, Defendants furnished information they knew or should have known was incomplete and inaccurate to the CRAs in violation of Civil Code subsection 1785.25(a).

60. Wang and the other members of the CCRAA Class have suffered actual injury as a result of the Defendants' violation of the CCRAA. These injuries include declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, increased credit costs, and amounts paid to settle disputed debts not reduced to judgment to improve a credit rating. Moreover, since Asset's actions were intentional or reckless, Wang and the other members of the CCRAA Class are further entitled to a statutory award of punitive damages.

61. Wang, on his own behalf, and behalf of the other CCRAA Class members, seeks to recover actual or statutory damages, in an amount to be determined at trial, injunctive and equitable relief, and the costs of the action (including attorneys' fees) under Civil Code section 1785.31.

### FOURTH CAUSE OF ACTION:
### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(f), Against Trans Union, by Plaintiff Individually and on Behalf of the Trans Union Class

62. Wang incorporates by reference and realleges all paragraphs previously alleged herein.

63. Asset and other furnishers reported to Trans Union that Wang and other members of the Trans Union Class owed certain debts. On this basis, Trans Union reported the debts in the class

members consumer credit reports.

64.     Wang and the other members of the Trans Union Class disputed these alleged debts with the CRAs, including Trans Union. Trans Union then sent the disputed debt to the furnishers for re-investigation.

65.     After re-investigation, the furnishers reported back to Trans Union that Wang and the other members of the Trans Union Class disputed the alleged debts. Trans Union nonetheless prepared and issued credit reports including the alleged debts without also indicating that they were disputed. This conduct violated 15 U.S.C. § 1681c(f).

66.     Plaintiff and other members of the Trans Union Class are entitled to actual and statutory damages, attorneys' fees, and declaratory relief, pursuant to 15 U.S.C. §§ 1681n, 1681o and 28 U.S.C. § 2201.

WHEREFORE, Plaintiff Johnny Wang prays that the Court enter judgment and orders in his favor and against Defendants Asset Acceptance, LLC and Trans Union, LLC as follows:

a.   An order certifying the FDCPA Class and the Reinvestigation Subclass, directing that this case proceed as a class action, and appointing Wang and his counsel to represent the FDCPA Class and Reinvestigation Subclass;

b.   An order certifying the CCRAA Class, directing that this case proceed as a class action, and appointing Wang and his counsel to represent the CCRAA Class;

c.   An order certifying the Trans Union Class, directing that this case proceed as a class action, and appointing Wang and his counsel to represent the Trans Union Class;

d.   Judgment against Defendants, and in favor of Wang and the other members of the respective Classes, in an amount of actual damages and statutory damages to be determined at trial;

e.   Equitable and injunctive relief prohibiting Defendants from continuing violations of the CCRAA;

f.   An order granting costs and attorneys' fees; and

g.   Such other and further relief as this Court may deem appropriate.

1

Dated: April 28, 2010                By: _____s/Ethan Preston_____

2
Harry Shulman (209908)
THE MILLS LAW FIRM
3
880 Las Gallinas Avenue, Suite 2
San Rafael, CA 94903
4
(415) 455-1326 (telephone)
(415) 455-1327 (facsimile)
5
harry@millslawfirm.com

6
Ethan Preston (263295)
PRESTON LAW OFFICES
7
1658 North Milwaukee Avenue, No. 253
(312) 492-4070 (telephone)
8
(312) 262-1007 (facsimile)
ep@eplaw.us

9
*Attorneys for Plaintiff Johnny Wang, on his own*
10
*behalf and behalf of all others similarly situated,*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Johnny K. Wang<br>839 Portal Ave<br>Oakland, CA 94610<br>TELEPHONE NO.: 510-551-6900<br>E-MAIL ADDRESS *(Optional):*          FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Alameda
STREET ADDRESS: 1225 FALLON St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PETITIONER/PLAINTIFF: Aset Acceptance LLC

RESPONDENT/DEFENDANT: Johnny K Wang

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>WG07320275 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1.  I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2.  My residence or business address is:   839 Portal Ave
    Oakland, CA 94610

3.  On *(date):* 6-11-07  I mailed from *(city and state):* Oakland, CA
    the following **documents** *(specify):*
    Answer

    ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
       (form POS-030(D)).

4.  I served the documents by enclosing them in an envelope and *(check one):*
    a. ☒ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
    b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this
         business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is
         placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in
         a sealed envelope with postage fully prepaid.

5.  The envelope was addressed and mailed as follows:
    a. **Name** of person served: Kevin Sullivan
    b. **Address** of person served:
       301 Howard St. Ste 830
       San Francisco, CA 94105

    ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service*
       *by First-Class Mail—Civil (Persons Served) (POS-030(P)).*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____Jesse Moyer_____                    ►  _____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL<br>(Proof of Service) | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

ENDORSED
FILED
ALAMEDA COUNTY

JUN 0 4 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

1  Johnny K. Wang (In Pro Per)
   839 Portal Ave.
2  Oakland, CA 94610
   Telephone (510) 551-6900
3
   In Pro Per
4
5          SUPERIOR COURT OF THE STATE OF CALIFORNIA
6                  FOR THE COUNTY OF ALAMEDA
7  ASSET ACCEPTANCE, LLC,              Case No. WG07320275
8              Plaintiff,              **ANSWER**
           vs.
9
   JOHNNY K. WANG, and DOES 1 to 10,
10  inclusive,
11              Defendants.
12
13        Defendant JOHNNY K. WANG answers the Complaint of Plaintiff ASSET

14  ACCEPTANCE, LLC, as follows:

15                      **GENERAL DENIAL**

16        Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies,

17  generally and specifically, each and every allegation in the unverified Complaint and each

18  purported cause of action thereof, and further denies that Plaintiff or any other persons have

19  been damaged in any sum, or at all, by reason of any act or omission of Defendant.  Defendant

20  further asserts the following separate and affirmative defenses.

21                    **AFFIRMATIVE DEFENSES**

22                    **First Affirmative Defense**

23                  **(Failure to State Cause of Action)**

24        Neither the Complaint, nor any purported claim for relief set forth therein, states a claim

25  upon which relief can be granted.

26

27

28

                              - 1 -
                            ANSWER
                      [Case No. WG07320275]

1

**Second Affirmative Defense**

2

**(Failure to Mitigate Damages)**

3        Plaintiff failed to mitigate damages which it contends it suffered and is therefore barred

4   from recovery.

5

**Third Affirmative Defense**

6

**(Unclean Hands)**

7        Plaintiff's claims are barred and Plaintiff is precluded from obtaining relief because of

8   Plaintiff's unclean hands.

9

**Fourth Affirmative Defense**

10

**(Waiver/Estoppel)**

11        Plaintiff has waived and is estopped by its own actions, inactions and/or other conduct

12   from bringing any claims against Defendant.

13

**Fifth Affirmative Defense**

14

**(Laches)**

15        This action is barred under the doctrine of laches because Plaintiff unreasonably

16   delayed in bringing this action against Defendant.

17

**Sixth Affirmative Defense**

18

**(Ratification and Acquiescence)**

19        Defendant is informed and believes, and based on such information and belief, alleges

20   that Plaintiff acknowledged, ratified, consented to and acquiesced in the alleged acts or

21   omissions, if any, of Defendant, thus barring Plaintiff from any relief as prayed for in the

22   Complaint.

23

**Seventh Affirmative Defense**

24

**(Statute of Limitations)**

25        The Complaint and each cause of action therein are barred by applicable statute of

26   limitations to the extent that Plaintiff bases its claims on conduct occurring outside the relevant

27   limitations periods, including but not limited to Civil Code Sections 51 and 1783, California

28

1   Code of Civil Procedure sections 337, 337a, 337.1, 338, 338.1, 339, 340, 343, *et seq.* and

2   Business and Professions Code Section 17208.

### Eighth Affirmative Defense

### (Acts and Omissions of Plaintiff)

Without conceding that the Plaintiff has suffered any injuries, losses, or damages, any such injuries, losses, or damages are the result of acts or omissions of Plaintiff.

### Ninth Affirmative Defense

### (Acts and Omissions of Others)

Without conceding that the Plaintiff has suffered any injuries, losses, or damages, any such injuries, losses, or damages are the result of acts or omissions of third parties.

### Tenth Affirmative Defense

### (Privilege)

Plaintiff is barred from seeking relief against Defendant because Defendant was privileged to act as he did and/or believed in good faith that she was protecting his legal rights.

### Eleventh Affirmative Defense

### (Statute of Frauds)

The Complaint and each cause of action therein are barred by the statute of frauds.

### Twelfth Affirmative Defense

### (Failure of Condition Precedent)

Plaintiff is barred from recovery under the contract because a condition precedent, approval of a loan arranged by Plaintiff, never occurred.

### Thirteenth Affirmative Defense

### (Excuse)

Defendant is excused from performance under the contract because of Plaintiff's breach and failure of consideration.

**Fourteenth Affirmative Defense**

**(Setoff)**

Any amounts owed by Defendant to Plaintiff are more than offset by damages to Defendant caused by Plaintiff.

**Fifteenth Affirmative Defense**

**(Additional Defenses)**

Defendant presently lacks information and belief as to whether he may have additional, as yet unstated affirmative defenses available. Defendant therefore reserves the right to assert such additional affirmative defenses as permitted by law.

Wherefore, Defendant prays for relief as follows:

1.    That Plaintiffs' Complaint be dismissed in its entirety;

2.    That Defendant have judgment against Plaintiff;

3.    That Defendant be awarded costs of suit and attorneys' fees incurred herein;

4.    That Defendant be awarded such and further relief as the Court deems just and proper.

Dated: June 1, 2007                    By: _____

Johnny K. Wang

- 4 -
ANSWER
[Case No. WG07320275]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 2

# Single Credit Report

## Johnny Wang
Consumer Credit Report
Source: TransUnion
File Identification Number: 110347814

This report is available until Oct 12, 2008

| | | | |
|---|---|---|---|
| **CREDIT REPORT DATE:** | 09/12/2008 | **CURRENT ADDRESS:**<br>**DATE UPDATED:** | OAKLAND CA, 94610 |
| **NAME:** | JOHNNY K WANG | **PREVIOUS ADDRESS:**<br>**DATE UPDATED:** | OAKLAND CA, 94618 |
| **DATE OF BIRTH:** | 1973 | | |
| **EMPLOYER:** | | **DATE UPDATED:** | OAKLAND CA, 94611 |

## Consumer Statement

NONE REPORTED

## Summary

## Account History
### At a glance viewing of your payment history

| | | OK | | | 90 | 120 | 150 | PP | RF | CO |
|---|---|---|---|---|---|---|---|---|---|---|
| Not Open | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late | 150+ days late | Payment plan | Reposession Foreclosure | Collection Chargeoff |



**Collection Accounts:** Accounts seriously past due

**ASSET ACCEPT**

| | | | | |
|---|---|---|---|---|
| **Original Creditor:** | **PACIFIC BELL TEL DBA SBC CALIF** | **Account No.:** 2332**** | **High Balance:** | 7065 |
| **Date Opened:** | 04/01/2005 | **Date Reported:** | 08/21/2008 **Balance:** | 8562 |
| **Condition:** | Derogatory | **Responsibility:** Individual | | |

**Remarks:** .

**Other:** Accounts in which the exact category is unknown

**PG&E**

| | | | | |
|---|---|---|---|---|
| **Account #:** 1320** | **Type:** | Collection Agency Attorney | **Opened:** | 06/25/1998 |
| **Condition:** Derogatory | **Pay Status:** | Collection/Chargeoff | **Reported:** | 06/01/2006 |
| **Balance:** $0 | **Payment:** | $0 | **Responsibility:** | Shared |
| **Limit:** $0 | **Past Due:** | $.00 | **High balance:** | $130 |
| **Terms:** Provided | | | | |

**7-year history:**                          **Remarks:**

   30-days late   0

   60-days late   0

   90-days late   0

**Two-Year payment history:**

TransUnion                          **NONE REPORTED**

**Public Information**

NONE REPORTED

08/04/2009 04:29 PM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

P0056400203442-I023983
JOHNNY K. WANG

▮▮▮▮▮▮▮▮▮▮

 Il.I...I..I.II....I.III.....II.I.I.II...I.I...II.I.I...I..II

Our investigation of the dispute you recently submitted is now complete. The results are listed below.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of any company we may have contacted for information.

Thank you for helping ensure the accuracy of your credit information.

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|------|-------------|---------|
| ASSET ACCEPTANCE LLC | # 23325609 | NEW INFORMATION BELOW |



Special Notes: If any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | [ X ] | [ OK ] | | | | |
|-----|-------|--------|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in >brackets< or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).

**ASSET ACCEPTANCE LLC** #23325609
PO BOX 2036
WARREN, MI 48090-2036
(800) 398-8814

Loan Type: FACTORING COMPANY ACCOUNT
Remarks: ACCT INFO DISPUTED BY CONSUMR
Date placed for collection: 04/2005
Estimated date that this item will be removed: 04/2010

Balance:            $8,699
Date Verified:      12/2008
Original Amount:    $7,065
Original Creditor:  PACIFIC BELL TEL DBA SBC CA LIF
Past Due:           >$8,699<

Pay Status:      >COLLECTION ACCOUNT<
Account Type:    OPEN ACCOUNT
Responsibility:  INDIVIDUAL ACCOUNT

- End of Investigation results -

To view a free copy of your full, updated credit file, go to our website http://disclosure.transunion.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 4



AnnualCreditReport.com | ▶ Return to AnnualCreditReport.com | ▶ Frequently Asked Questions | ▶ Contact AnnualCreditReport.com

TransUnion.

your products | your account | help | logout

| welcome | credit report | score | security freeze | credit monitoring | debt analysis | learning center | savings source |

transunion credit report | report an inaccuracy | consumer rights

# Personal Credit Report

**JOHNNY K. WANG**
**Source: TransUnion**

**July 22, 2009**
**Available until Aug 21, 2009**



Get Instant Message Updates
About Your Credit Report

• Alerts you to possible fraud
• Sent to your desktop
• No need to check email

Free downloadable application
Learn more >>



**Compare 0%**
Credit Cards

**Find a Low**
Mortgage Rate

**Gold Card**
Prestige

 Display a printer friendly version

Found an inaccuracy? Click to learn about correcting

**File Number:** ▮
**Date issued:** 07/22/2009

## Personal Information 

**Name:**   JOHNNY K. WANG

You have been on our files since 04/1993

**SSN:**
**Date of Birth:**

**Telephone**

### CURRENT ADDRESS

**Address:**

**Date Reported:**

### PREVIOUS ADDRESSES

**Address:**

**Date Reported:**

**Address:**

Special Notes: If any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Account Information 

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.



| N/A | X | | | | | |
|---|---|---|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

## Adverse Accounts 

The following accounts contain information that some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in >brackets< or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).

08/04/2009 04:29 PM

## ASSET ACCEPTANCE LLC #23325609

PO BOX 2036
WARREN , MI 48090-2036
(800) 398-8814

| | |
|---|---|
| **Balance:** | $8,919 |
| **Date Updated:** | 06/2009 |
| **Original Balance:** | $7,065 |
| **Original Creditor:** | PACIFIC BELL TEL DBA SBC CALIF |
| **Past Due:** | >$8,919< |

| | |
|---|---|
| **Pay Status:** | >Collection Account< |
| **Account Type:** | Open Account |
| **Responsibility:** | Individual Account |

**Loan Type:** Factoring Company Account
**Remark:** >Placed for collection<
**Date placed for collection:** [ 04/2005]
**Estimated date that this item will be removed:** 04/2010

## PACIFIC GAS & ELECTRIC #1320982787

PO BOX 8329
STOCKTON , CA 95208
(800) 743-5000

| | |
|---|---|
| **Balance:** | $0 |
| **Date Verified:** | 09/2008 |
| **High Balance:** | $130 |
| **Past Due:** | $0 |

| | |
|---|---|
| **Pay Status:** | >Payment After Charge Off/Collection< |
| **Account Type:** | Open Account |
| **Responsibility:** | Participant on Account |
| **Date Opened:** | 06/1998 |
| **Date Closed:** | 09/2004 |

**Loan Type:** Collection Agency Attorney
**Remark:** >Paid collection<
**Estimated date that this item will be removed:** 08/2011

### Satisfactory Accounts

The following accounts are reported with no adverse information. (Note: The account # may be scrambled by the creditor for your protection).

