**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY WANG, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ASSET ACCEPTANCE, LLC, and TRANS UNION, LLC, Delaware limited liability companies, and DOES 1-100, inclusive,<br><br>    Defendants.<br>_____ / | No. C 09-4797 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FEBRUARY 2, 2010 ORDER** |

Plaintiff's motion for relief from the February 2, 2010 order is scheduled for a hearing on November 4, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

Plaintiff seeks relief from a portion of Judge Conti's February 2, 2010 Order Granting in Part and Denying in Part Motion to Dismiss. In that order, Judge Conti held that plaintiff's claim under California Civil Code Section 1785.25(a), which is part of the California Consumer Credit Report Agencies Act ("CCRAA"), actually arose under Section 1785.25(c) of that Act, and that the claim was preempted by the Fair Credit Reporting Act, 15 U.S.C. §§ 15 U.S.C. §§ 1681-1681x ("FCRA"). FCRA preempts most state laws relating to the duties of persons who furnish information to credit reporting agencies ("CRAs"), but expressly exempts from preemption claims under California Civil Code Section

1785.25(a). *See* 15 U.S.C. § 1681t(b)(1)(F).

In the claim at issue, plaintiff alleged that defendant Asset Acceptance LLC violated Section 1785.25(a) by placing an alleged debt on plaintiff's credit report without reporting that plaintiff disputed the alleged debt. Section 1785.25(a) provides, "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Judge Conti held that plaintiff's claim actually arose under Section 1785.25(c), which provides,

> So long as the completeness or accuracy of any information on a specific transaction or experience furnished by any person to a consumer credit reporting agency is subject to a continuing dispute between the affected consumer and that person, the person may not furnish the information to any consumer credit reporting agency without also including a notice that the information is disputed by the consumer.

Cal. Civ. Code § 1785.25(c).

Judge Conti held,

> A federal court interpreting a California statute applies California's rules of statutory interpretation. . . . The Court looks first to the words of the statute, and the language of the specific section must be construed in the context of the larger statutory scheme of which it is a part. Statutory provisions must not be interpreted in a manner that would render them superfluous.
>
> Here, in his second cause of action, Wang alleges that despite being notified by consumers that the debts were disputed, Asset reported those debts to CRAs, without also notifying the CRAs that the debts were disputed. Compl. ¶¶ 42-43. This obligation to notify CRAs of disputed debts is clearly and unambiguously addressed by the California legislature in section 1785.25(c) of the CCRAA. Hence, the general obligation in section 1785.25(a) not to furnish CRAs with incomplete or inaccurate information cannot have been intended to include the obligation to notify CRAs of disputed debts. Otherwise, section 1785.25(c) would be superfluous and unnecessary. The Court rejects Wang's contention that section 1785.25(a) includes a duty to notify CRAs when consumers dispute debts. *See VanHorn v. Watson*, 45 Cal. 4th 322, 333 (2008) (rejecting broad reading of statute that would render other statutes unnecessary surplusage).
>
> Since subsection (a) does not include an obligation to notify CRAs of disputed debts, Wang cannot rely on that subsection in his second cause of action. Instead, Wang's allegations concerning Asset's misconduct clearly give rise to a cause of action under subsection (c). However, as Wang concedes in his Opposition, the FCRA preempts section 1785.25(c) of the CCRAA. . . .
>
> In his Opposition, Wang argues that it is unreasonable to interpret section 1785.25(a) of the CCRAA in a manner that would shield the very misconduct the legislature intended to prohibit. . . . The Court does not doubt that the California legislature intended to require furnishers of information to CRAs to notify the CRAs if the consumer disputes the debt. *See* Cal. Civ. Code § 1785.25(c). However, it was the decision of Congress, not the California legislature, to preempt section 1785.25(c).

2

> Furthermore, and as noted above, the FCRA contains a provision almost identical to section 1785.25(c) of the CCRAA, *see* 15 U.S.C. § 1681s-2(a)(3), but no private right of action is available under that section, *see* 15 U.S.C. § 1681s-2(d). Therefore, by preempting similar state laws, Congress intended for this duty to be enforced by federal and state authorities, not private citizens. Since Wang's claim, when properly construed, arises under section 1785.25(c) of the CCRAA, and since this provision is preempted by the FCRA, the Court must dismiss Wang's second cause of action.

*Wang v. Asset Acceptance LLC*, 681 F. Supp. 2d 1143, 1147-48 (N.D. Cal. 2010).

## DISCUSSION

Plaintiff's motion for relief from Judge Conti's order seeks three alternative forms of relief. First, plaintiff asserts that because Judge Conti recused himself from this case on March 5, 2010, and because the basis for Judge Conti's recusal was apparent in the record at the time of the February 2, 2010 order, the order should be vacated pursuant to 28 U.S.C. § 455, the recusal statute.[1] In the alternative, plaintiff contends that the Court should either reconsider the February 2, 2010 order, or permit plaintiff to pursue an immediate appeal. The parties have fully briefed the merits of the preemption question. The Court has considered the matter *de novo* and concludes that Judge Conti's ruling was correct. Accordingly, the Court does not address plaintiff's arguments about whether Judge Conti's recusal requires that the February 2, 2010 order be vacated.

Plaintiff contends that Judge Conti erred by construing the phrase "incomplete or inaccurate" in Cal. Civ. Code § 1785.25(a) more narrowly than the Ninth Circuit has construed similar language in the FCRA. Plaintiff relies on *Gorman v. Wolpoff & Abramson LLP*, 584 F.3d 1147 (9th Cir. 2009), in which the Ninth Circuit held that a plaintiff had a claim under Section 1681s-2(b) of the FCRA when the plaintiff claimed that a furnisher provided "incomplete or inaccurate" information by failing to report that a debt was disputed. Plaintiff argues that Section 1681s-2(b) of the FCRA and Section 1785.25(a) of the CCRAA contain identical language restricting and regulating the furnishing of "incomplete or inaccurate" information, and thus Judge Conti erred by holding that plaintiff's claim challenging Asset's failure to report that the debt was disputed did not arise under Section 1785.25(a) of the CCRAA.

---

[1] Plaintiff asserts that the basis for Judge Conti's recusal was his ownership of stock in AT&T, Pacific Bell's successor, and the fact that the complaint alleged that Wang's disputed debt related to his Pacific Bell phone bill.

3

In *Gorman*, the Ninth Circuit analyzed Section 1681s-2 of FCRA, which sets forth the "[r]esponsibilities of furnishers of information to consumer reporting agencies." The Ninth Circuit noted that subsections (a) and (b) of that Section delineate two categories of responsibility. Subsection (a) details the duty "to provide accurate information," and includes a "[d]uty to provide notice of dispute."

> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

§ 1681s-2(a)(3). Section 1681s-2(b), in turn, "imposes a second category of duties on furnishers of information. These obligations are triggered 'upon notice of dispute' – that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information." *Gorman*, 584 F.3d at 1154. Section 1681s-2(b) of FCRA, titled "Duties of furnishers of information upon notice of dispute," states in relevant part,

> (1) In general
>
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> > (A) conduct an investigation with respect to the disputed information;
> >
> > (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> >
> > (c) report the results of the investigation to the consumer reporting agency;
> >
> > (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> >
> > (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> >
> > > (I) modify that item of information;
> > > (ii) delete that item of information; or
> > > (iii) permanently block the reporting of that item of information.

4

1  15 U.S.C. § 1681s-2(b)(1). The *Gorman* court noted that the duties under subsection (b) "arise only
2  after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the
3  consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154. The
4  FCRA provides a private right of action for claims arising under subsection (b); duties imposed on
5  furnishers under subsection (a) are enforceable only by federal and state agencies. *Id*.

6  Asset argues that plaintiff's reliance on *Gorman* is misplaced because although both Cal. Civ.
7  Code Section 1785.25(a) and FCRA Section 1681s-2(b)(1) prohibit furnishers from providing
8  "incomplete or inaccurate" information to CRAs, the obligations under each statute arise under different
9  circumstances. Asset contends that plaintiff's interpretation ignores the differences in the wording and
10 structure of the two statutes, and ignores the reasoning of Judge Conti's ruling. The Court agrees.
11 Section 1785.25(a) provides that if a person decides to furnish information "on a specific transaction
12 or experience" to a CRA, the furnisher cannot do so if it "knows or should know" that the information
13 is "inaccurate or incomplete." Cal. Civ. Code § 1785.25(a). Nothing in the language of Section
14 1785.25(a) specifically addresses disputes, while Section 1785.25(f)[2] governs how furnishers must
15 investigate and respond to CRAs regarding disputes received from CRAs, and Section 1785.25(c)
16 governs how furnishers must report disputes. In contrast, Section 1681s-2(b) of the FCRA ("Duties of
17 furnishers of information upon notice of dispute") imposes a duty to correct "inaccurate or incomplete"
18 information after a furnisher has conducted an investigation of a dispute. *See* 15 U.S.C. § 1681s-
19 2(b)(1)(D)-(E); *see also Gorman*, 584 F.3d at 1162 ("In addition to requiring that a furnisher conduct
20 a reasonable investigation of a consumer dispute, § 1681s-2(b) also requires a creditor, upon receiving
21 notice of such dispute, to both report the results of the investigation and, 'if the investigation finds that

---

[2] Section 1785.25(f) states, "Upon receiving notice of a dispute noticed pursuant to subdivision (a) of Section 1785.16 with regard to the completeness or accuracy of any information provided to a consumer credit reporting agency, the person that provided the information shall (1) complete an investigation with respect to the disputed information and report to the consumer credit reporting agency the results of that investigation before the end of the 30-business-day period beginning on the date the consumer credit reporting agency receives the notice of dispute from the consumer in accordance with subdivision (a) of Section 1785.16 and (2) review relevant information submitted to it." The Ninth Circuit recently held that Section 1785.25(f) is preempted by FCRA. *Carvahlo v. Equifax Info. Servs. LLC*, 615 F.3d 1217, 1228 (9th Cir. 2010) ("Because section 1785.25(a) is the only substantive CCRAA furnisher provision specifically saved by the FCRA, Carvahlo's section 1785.25(f) claim is preempted.").

5

the information is incomplete or inaccurate, report those results' to the CRAs.").

The Court agrees with Judge Conti's analysis that under California rules of statutory interpretation, the general obligation in Section 1785.25(a) not to furnish CRAs with incomplete or inaccurate information cannot have been intended to include the obligation to notify CRAs of disputed debts because otherwise Section 1785.25(c) would be superfluous and unnecessary. Plaintiff's contention that the Court must interpret Section 1785.25(a) and FCRA Section 1681s-2(b) in the same manner ignores the specific language in Section 1681s-2(b) regarding disputes. Accordingly, having considered the matter *de novo* and finding no error, the Court DENIES plaintiff's motion for relief from the February 2, 2010 order.

The Court also finds no basis to grant plaintiff's request for either a partial judgment under Rule 54(b) or an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Similarly, "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *Robin James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The purpose of the section is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004).

The Court concludes that it is not in the interest of judicial administration or efficiency to enter a partial judgment. A partial judgment or an interlocutory appeal will likely delay and complicate this case, and require the parties to litigate in two forums. Plaintiff's principal argument in favor of an immediate appeal is that the order presents novel and purely legal questions. However, in that respect this case is no different than any action where the Court dismisses certain claims for failure to state a claim. In addition, plaintiff asserts that the balance of equities favors an immediate appeal because the original complaint sought injunctive relief under the CCRAA, and plaintiff's remaining claims only seek damages. Plaintiff argues that damages are inadequate because they cannot force Asset to comply with

6

the law, but "simply provide a price for violating the law." However, as defendant notes, plaintiff is pursuing a class action under FCRA, which provides for statutory penalties of up to $1,000 per violation, 15 U.S.C. § 1681n(a)(1)(A), and does not "impose any limits on aggregate relief." *Bateman v. American Multi-Cinema, Inc.*, __ F.3d __, 2010 WL 3733555, at *11 (9th Cir. Sept. 27, 2010). Thus, the potential liability facing defendants is significant, and the Court is not persuaded that the unavailability of injunctive relief necessarily creates the incentives that plaintiffs suggest. Without a compelling justification, the Court does not believe it appropriate to allow plaintiff an interlocutory appeal at this juncture. *Cf. Adams Bros*, 369 F. Supp. 2d at 1182 (purpose of interlocutory appeal is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later").

## CONCLUSION

For the reasons discussed above, the Court DENIES plaintiff's motion for relief from the February 2, 2010 order. (Docket No. 81).

**IT IS SO ORDERED.**

Dated: November 1, 2010

SUSAN ILLSTON
United States District Judge