David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 North Tatum Boulevard, Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Johnny Wang, on his own behalf and behalf of all others similarly situated,*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHNNY WANG, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>        v.<br><br>ASSET ACCEPTANCE, LLC, and TRANS UNION, LLC, Delaware limited liability companies, and DOES 1-100, inclusive,<br><br>            Defendants. | No. 09-04797 SI<br><br>Judge Susan Illston<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF THE PARTIES' CLASS SETTLEMENT AGREEMENT**<br><br>Date:          November 16, 2011<br>Time:          2:00 p.m.<br>Location:   Courtroom 10, 19th Floor<br>                    450 Golden Gate Avenue<br>                    San Francisco, California 94102 |

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that Johnny Wang ("Wang") will move the Court, pursuant to Federal Rule of Civil Procedure 23, to conditionally certify a class, to apply to this Court for preliminary approval of a proposed class action settlement for settlement purposes only, on November 16, 2011 at 2:00 p.m., or as soon thereafter as counsel may be heard by the above-designated Court, located at Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Susan Illston.

This Motion is based on this Notice of Motion and Motion, the Brief in Support of the Motion and the authorities cited therein, oral argument of counsel, and any other matter that may be submitted at the hearing.

## MOTION FOR PRELIMINARY APPROVAL

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, the authorities cited therein and the supporting declaration, oral argument of counsel, and any other matter that may be submitted at the hearing.

Wang's claims arise from Asset Acceptance, LLC ("Asset") and Trans Union, LLC's ("TU") handling of certain credit reporting data between May 21, 2009 and October 2009. Wang alleges that:

1. Between May 26, 2009 and June 1, 2009, TU deleted approximately 480,000 Asset tradelines with contained an "account in dispute" ("AID") remark.

2. On June 22, 2009, Asset retransmitted these deleted and disputed accounts to TU, but did not code those accounts as disputed.

3. Defendants did not replace the AID remark on these tradelines until October 15, 2009.

4. Between June 22, 2009 and October 15, 2009, TU issued credit reports for 141,730 consumers which did not indicate that these consumers disputed Asset's tradelines.

Wang alleges that Asset violated section 1692e of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692-1692p) and that TU violated section 1681c(f) of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §§ 1681-1681x) during the course of these events. The parties have reached a settlement of these claims (the "Class Settlement"), and Wang now

1  applies to the Court for conditional certification of the Settlement Class for settlement purposes.

2  The proposed Settlement Class has been defined as:

3          the 141,730 consumers for whom, between June 22, 2009 and October 15, 2009,
          TU issued a credit report to a third-party user of such a report in connection with
4          an application by the consumer for credit, insurance or employment, where the
          report described one or more Asset-owned debts disputed by the consumer but did
5          not contain an "Account In Dispute" or "AID" remark.

6  Wang also applies to the Court for preliminary approval of the parties' Class Settlement; for

7  approval of the proposed notice to the Class; and for setting deadlines for claims, objections, and

8  exclusions, and the final fairness hearing.

9                          **NOTICE OF LODGING PROPOSED ORDER**

10         Pursuant to General Order No. 45(VIII), movant lodged with the Court the proposed

11  order below by emailing a Microsoft Word version of the order below to

12  "SIpo@cand.uscourts.gov." See U.S. District Court for the Northern District of California, How

13  do I...? / Where do I...?, at https://ecf.cand.uscourts.gov/cand/faq/how_do_i/how_do_i.htm (last

14  updated May 10, 2010).

15

16  Dated: November 3, 2011           By: ____s/David C. Parisi_____
                                          David C. Parisi (162248)
17                                        Suzanne Havens Beckman (188814)
                                          ARISI & HAVENS LLP
18                                        15233 Valleyheart Drive
                                          Sherman Oaks, California 91403
19                                        (818) 990-1299 (telephone)
                                          (818) 501-7852 (facsimile)
20                                        dcparisi@parisihavens.com
                                          shavens@parisihavens.com

21                                        Ethan Preston (263295)
                                          PRESTON LAW OFFICES
22                                        21001 North Tatum Blvd., Suite 1630-430
                                          Phoenix, Arizona 85050
23                                        (480) 269-9540 (telephone)
                                          (866) 509-1197 (facsimile)
24                                        ep@eplaw.us

25                                        *Attorneys for Plaintiff Johnny Wang, on his*
                                          *own behalf and behalf of all others similarly*
26                                        *situated*

27

28

---

Motion for Preliminary Approval               3                        No. 09-4797 SI

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 North Tatum Boulevard, Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Johnny Wang, on his own
behalf and behalf of all others similarly situated,*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY WANG, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ASSET ACCEPTANCE, LLC, and TRANS UNION, LLC, Delaware limited liability companies, and DOES 1-100, inclusive,<br><br>        Defendants. | No. 09-04797 SI<br><br>Judge Susan Illston<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF THE PARTIES' CLASS SETTLEMENT AGREEMENT**<br><br>Date:      November 16, 2011<br>Time:     2:00 p.m.<br>Location:  Courtroom 10, 19th Floor<br>            450 Golden Gate Avenue<br>            San Francisco, California 94102 |

## TABLE OF CONTENTS

I.      THE CLASS'S CLAIMS ................................................................................. 6

II.     CLASS CERTIFICATION ............................................................................ 8

        A.      The Settlement Class Meets the Requirements of Rule 23(a) ........................... 8

                (1)     The Settlement Class Is Ascertainable ....................................... 9
                (2)     The Settlement Class Is Sufficiently Numerous ......................... 9
                (3)     Common Legal and Factual Issues Pertain to Both Wang and to the
                        Settlement Class ........................................................................ 10
                (4)     Plaintiffs And Their Counsel Are Adequate Representatives For
                        the Class ..................................................................................... 11

        B.      The Class Meets the Requirements of Rule 23(b)(3) ....................................... 12

III.    THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE
        SETTLEMENT ................................................................................................. 13

        A.      The Settlement Is the Result of Arms-Length Negotiation ............................. 15

        B.      The Settlement Falls Within the Range of Possible Approval ........................ 15

IV.     WANG'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL ............. 17

V.      THE PROPOSED PLAN OF CLASS NOTICE ......................................................... 18

VI.     CONCLUSION ............................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alberto v. GMRI, Inc.*
  252 F.R.D. 652 (E.D. Cal. 2008) ...........................................................................15

*Amchem Prods. Inc. v. Windsor*
  521 U.S. 591 (1997)........................................................................................9, 14

*Armstrong v. Board of School Directors of City of Milwaukee*
  616 F.2d 305 (7th Cir. 1980). Notice ...................................................................14

*Armstrong v. Davis*
  275 F.3d 849 (9th Cir. 2001) ..........................................................................11, 12

*Blackie v. Barrack*
  524 F.2d 891 (9th Cir. 1975) ............................................................................9, 12

*Davis v. Astrue*
  250 F.R.D. 476 (N.D. Cal. 2008) .........................................................................10

*Dilts v. Penske Logistics, LLC*
  267 F.R.D. 625 (S.D. Cal. 2010) .........................................................................10

*Garner v. State Farm Mut. Auto. Ins. Co.*
  No. 08-1365, 2010 WL 1687832 (N.D. Cal., Apr. 22, 2010).................................16

*Haley v. Medtronic, Inc.*
  169 F.R.D. 643 (C.D. Cal. 1996) .........................................................................10

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998) ...................................................................... passim

*In re Tableware Antitrust Litig.*
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) ...............................................................15

*Jordan v. Los Angeles County*
  669 F.2d 1311 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982)....................10

*Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*
  244 F.3d 1152 (9th Cir. 2001) .............................................................................14

*Marlo v. United Parcel Serv. Inc.*
  251 F.R.D. 476 (C.D. Cal. 2008) ...........................................................................9

*Molski v. Gleich*
  318 F.3d 937 (9th Cir. 2003) . No.........................................................................12

*Norris-Wilson v. Delta-T Group, Inc.*
  270 F.R.D. 596 (S.D. Cal. 2010) ..........................................................................9

*O'Connor v. Boeing N. Am., Inc.*
  180 F.R.D. 359 (C.D. Cal. 1997) ("*O'Connor I*") .............................................11

*Officers for Justice v. Civil Service Comm'n of City and County of San Francisco*
  688 F.2d 615 (9th Cir. 1982) ..........................................................................15, 16

*Rodriguez v. West Publishing Corp.*
  563 F.3d 948 (9th Cir. 2009) ..............................................................................16

*Safeco Ins. Co. of Am. v. Burr*
  127 S.Ct. 2201 (2007)..........................................................................................17

*Sullivan v. Kelly Servs., Inc.*
  268 F.R.D. 356 (N.D. Cal. 2010)........................................................................10

*Valentino v. Carter-Wallace, Inc.*
  97 F.3d 1227 (9th Cir. 1996) ..............................................................................13

*Vinole v. Countrywide Home Loans, Inc.*
  571 F.3d 935 (9th Cir. 2009) ..............................................................................13

*Wal-Mart Stores, Inc. v. Dukes*
  131 S. Ct. 2541 (2011) ........................................................................................11

*Xiufang Situ v. Leavitt*
  240 F.R.D. 551 (N.D. Cal. 2007).................................................................11, 12

*Zinser v. Accufix Research Inst. Inc.*
  253 F.3d 1180 (9th Cir. 2001) ..............................................................................9

**FEDERAL STATUTES**

15 U.S.C. §§ 1681-1681x ........................................................................................8

15 U.S.C. § 1681c(f) ............................................................................................8, 9

15 U.S.C. § 1681n................................................................................................9, 17

15 U.S.C. § 1681o(a) ...............................................................................................9

15 U.S.C. §§ 1692-1692p ........................................................................................8

15 U.S.C. § 1692e ....................................................................................................8

15 U.S.C. § 1692e(8) ..................................................................................8

15 U.S.C. § 1692k(a)(2)(B) ........................................................................17

15 U.S.C. § 1692k(b)(1) .............................................................................17

**OTHER AUTHORITIES**

Alba Conte & Herbert Newberg, Newberg on Class Actions (4th ed)..........19

Fed. R. Civ. P. 23(a) ..............................................................................9, 13

Fed. R. Civ. P. 23(a)(1).............................................................................10

Fed. R. Civ. P. 23(a)(2).............................................................................11

Fed. R. Civ. P. 23(a)(3).........................................................................11, 12

Fed. R. Civ. P. 23(a)(4).............................................................................12

Fed. R. Civ. P. 23(b) ..................................................................................9

Fed. R. Civ. P. 23(b)(3)...............................................................9, 13, 14, 19

Fed. R. Civ. P. 23(c)...........................................................................7, 9, 19

Fed. R. Civ. P. 23(c)(2)(B) ........................................................................19

Fed. R. Civ. P. 23(e) .............................................................................14, 19

Fed. R. Civ. P. 23(e)(B) .............................................................................19

Fed. R. Civ. P. 23(e) ...................................................................................7

Fed. R. Civ. P. 23(g) ..................................................................................18

Fed. R. Civ. P. 23(g)(1)(A).........................................................................19

Fed. R. Civ. P. 30(b)(6)................................................................................8

Manual for Complex Litigation (4th) ......................................9, 13, 14,15

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**

Under Rule 23(c) and 23(e) of the Federal Rules of Civil Procedure, Plaintiff Johnny Wang ("Wang") moves this Court to conditionally certify a Settlement Class of consumers whose credit reports allegedly improperly failed to indicate that certain tradelines were disputed, and apply to this Court for preliminary approval of a proposed Class Settlement, as set forth below. Defendants Asset Acceptance, LLC ("Asset") and Trans Union, LLC's ("TU") do not contest this Motion.

Plaintiff now asks this Court to enter the Preliminary Approval Order, submitted herewith, which: (1) appoints Wang as the representative of the Settlement Class; (2) appoints Class Counsel; (3) conditionally certifies the Settlement Class for Settlement purposes only; (4) preliminarily approves the attached Agreement as fair and reasonable; (5) approves the form of Class Notice and the Notice Plan; and (6) schedules the Fairness Hearing.

As identified in the proposed Order, Plaintiffs recommend that the Court order that the following actions occur on the dates specified in the proposed Order: (1) notice be provided to Settlement Class Members; (2) requests for exclusion from the settlement be sent and postmarked; (3) objections to the settlement or the award of attorneys' fees and reimbursement of expenses in favor of Plaintiffs' counsel be served on counsel and filed with the Court; and  (4) a Fairness Hearing be held at the Court's convenience.

## I.    THE CLASS'S CLAIMS

**The Litigation:** Plaintiff filed a putative class action complaint in California state court against Asset on August 20, 2009. The case was removed to this Court on October 8, 2009. (Dkt. #1.) Plaintiff amended his complaint to state federal law claims against both Asset and TU on April 29, 2010. (Dkt. #49.) Plaintiffs' counsel have conducted extensive discovery into the facts and law relating to the matters alleged in the First Amended Complaint.

The parties participated in in-person judicial settlement conferences before Judge Edward M. Chen on March 24, 2011 and April 28, 2011, as well as a telephonic judicial settlement conference on May 26, 2011. (Declaration of David C. Parisi ("Parisi decl."), ¶6.) Plaintiff filed a motion for class certification on June 20, 2011. (Dkt. #117.) Finally, the parties participated in

mediation which was mediated by Judge Edward A. Infante (Ret.) on July 19, 2011. (Parisi decl., ¶8.) The case did not settle at the July 19 mediation, but the parties were able to settle the case by accepting Judge Infante's mediator's proposal on July 27, 2011. (*Id*.)

**Factual Basis for Plaintiff's Claims:** Wang has taken extensive discovery (including a Rule 30(b)(6) deposition of each Defendant) concerning the interactions of Asset and TU between May 21, 2009 and October 2009. (Parisi decl., ¶¶3-4.) These interactions can be summarized as follows:

1.    Between May 26, 2009 and June 1, 2009, TU deleted approximately 480,000 Asset tradelines with contained an "account in dispute" ("AID") remark. (*Id*. at ¶4.)

2.    On June 22, 2009, Asset retransmitted these deleted and disputed accounts to TU, but did not code those accounts as disputed. (*Id*.)

3.    Defendants did not replace the AID remark on these tradelines until approximately October 15, 2009. (*Id*.)

4.    TU contends that Asset should have coded these accounts as disputed when Asset transmitted these accounts to TU. Asset asserts that TU should have coded these accounts as disputed after Asset transmitted these accounts to TU. (*Id*.)

5.    Between June 22, 2009 and October 2009, TU issued credit reports for 141,730 consumers which did not indicate that these consumers disputed Asset's tradelines. (*Id*.)

**The Legal Basis For Plaintiff's Claims:** Wang alleges that Asset violated section 1692e of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692-1692p) and that TU violated section 1681c(f) of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §§ 1681-1681x) during the course of these events.

Wang asserts Asset violated the FDCPA when it reported the foregoing 141,730 tradelines to TU on June 22, 2009 because Asset knew or should have known these tradelines were disputed (because they were coded as disputed in TU's April 2009 records) and Asset did not code the accounts as disputed. (Parisi decl., ¶5.) The FDCPA prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

Wang asserts TU violated the FCRA by issuing credit reports between June 22, 2009 and October 15, 2009 which contained the foregoing accounts without indicating that such accounts were disputed. (Parisi decl., ¶5.) The FCRA requires that:

> If a consumer reporting agency is notified pursuant to section 1681s–2 (a)(3) of this title that information regarding a consumer who[m] was furnished to the agency is disputed by the consumer, the agency shall indicate that fact in each consumer report that includes the disputed information.

15 U.S.C. § 1681c(f). The FCRA provides for two tiers of liability. Negligent violations create a cause of action for actual damages, declaratory relief, and costs and attorney's fees. 15 U.S.C. § 1681o(a). Willful violations create a cause of action for actual damages or statutory damages "of not less than $100 and not more than $1,000," punitive damages, and costs and attorney's fees. 15 U.S.C. § 1681n.

## II.    CLASS CERTIFICATION

Class certification under Rule 23(c) is a prerequisite to preliminary approval of the settlement. *See* Manual for Complex Litigation (Fourth) § 21.632 (2004); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Class certification requires satisfaction of all four elements in Rule 23(a), along with one of the three categories of Rule 23(b). *Id.*; *Zinser v. Accufix Research Inst. Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a)'s four elements are numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Rule 23(b)(3) requires predominance of common issues and superiority of a class action. Fed. R. Civ. P. 23(b). For the purposes of this Motion, Defendants do not contest that these requirements are met here.

### A.    The Settlement Class Meets the Requirements of Rule 23(a)

Certification of a class under Rule 23 requires numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). Wang's "burden at the class certification stage is slight[;] a court need only be able to make a reasonable judgment that Rule 23 requirements are satisfied." *Marlo v. United Parcel Serv. Inc.*, 251 F.R.D. 476, 487 (C.D. Cal. 2008) (quoted by *Norris-Wilson v. Delta-T Group, Inc.*, 270 F.R.D. 596, 601 (S.D. Cal. 2010)). The Court has "material sufficient to form a reasonable judgment on each [of these] requirement[s.]" *Blackie v. Barrack*, 524 F.2d

891, 901 (9th Cir. 1975) (an "extensive evidentiary showing . . . is not required"). Further, "weighing competing evidence is inappropriate at [the class certification] stage of the litigation." *Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625, 630 (S.D. Cal. 2010) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003)).

### (1)      The Settlement Class Is Ascertainable

Some courts have held ascertainability is a threshold requirement for any class certification. *See*, *e.g.*, *Davis v. Astrue*, 250 F.R.D. 476, 484 (N.D. Cal. 2008). An adequate class definition must specify "a distinct group of plaintiffs whose members can be identified with particularity." *Sullivan v. Kelly Servs., Inc.*, 268 F.R.D. 356, 362 (N.D. Cal. 2010). Wang seeks to conditionally certify the Settlement Class, defined as

> the 141,730 consumers for whom, between June 22, 2009 and October 15, 2009, TU issued a credit report to a third-party user of such a report in connection with an application by the consumer for credit, insurance or employment, where the report described one or more Asset-owned debts disputed by the consumer but did not contain an "Account In Dispute" or "AID" remark.

Where defendants maintain records identifying potential class members, "the identity of potential plaintiffs is easily ascertainable such that an identifiable class does exist." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996). The Settlement Class has already been identified through Defendants' records. (Parisi decl., ¶8.)

### (2)      The Settlement Class Is Sufficiently Numerous

The Settlement Class contains 141,730 members. Numerosity is satisfied where "the class is so numerous that joinder of all members is impracticable[.]" Fed. R. Civ. P. 23(a)(1). Hence, "[a]s a general rule, classes numbering greater than 41 individuals satisfy the numerosity requirement." *Davis*, 250 F.R.D. at 485. *See also Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982) (numerosity could likely be satisfied "solely on the basis of the number of ascertained class members, i.e., 39, 64, and 71"). The number of Settlement Class Members well exceeds these minimal requirements.

**(3)     Common Legal and Factual Issues Pertain to Both Wang and to the Settlement Class**

The Settlement Class meets the commonality and typicality requirements under Rules 23(a)(2) and 23(a)(3). Commonality requires "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Common questions of law or fact "must be of such a nature [they are] capable of classwide resolution"; that is, that the answer to such common questions "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation, punctuation omitted). The commonality element requires that the case to be such that a class action will "generate common answers apt to drive the resolution of the litigation." *Id*. (citation, punctuation omitted). All of the Settlement Class Members are in the same boat; their credit reports indicated that they disputed Asset's tradeline in April 2009, but TU reported Asset's tradeline without noting their dispute between June 22, 2009 and October 15, 2009. These common legal and factual issues are sufficient to establish commonality. Commonality can be "easily satisf[ied]" where class members "all base their claims on the same legal theory." *Xiufang Situ v. Leavitt*, 240 F.R.D. 551, 560 (N.D. Cal. 2007) (citation, punctuation omitted). *See also O'Connor v. Boeing N. Am., Inc.*, 180 F.R.D. 359, 370 (C.D. Cal. 1997) (sufficient commonality for class certification where relief "turn[s] on questions of law applicable in the same manner to each member of the class") ("*O'Connor I*"). Indeed, commonality does not equate to uniformity – Rule 23(a)(2) tolerates significant differences between class members:

> All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). *See also Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ("individual factual differences among the individual litigants or groups of litigants will not preclude a finding of commonality"). Any differences between individual Class members will not impair commonality. The Class satisfies Rule 23(a)(2).

The Asset tradeline in Wang's credit report was reported without a dispute notation, which he contends was improper. Because Wang shares these relevant common factual and legal

issues with the other Settlement Class Members, he also satisfies the typicality requirement. Typicality and commonality share many "underlying issue[s]." *Armstrong*, 275 F.3d at 868. Wang's claims are typical because they are "reasonably co-extensive with those of absent class members; [his claims] need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Typicality only requires "that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same, injurious course of conduct." *Armstrong*, 275 F.3d at 869. *See also Xiufang Situ*, 240 F.R.D. at 561 ("[t]ypicality requires that named plaintiffs be members of the class they represent and possess the same interest and suffer the same injury as class members," citation, punctuation omitted). The Settlement Class satisfies Rule 23(a)(3).

**(4)      Plaintiffs And Their Counsel Are Adequate Representatives For the Class**

Lastly, Rule 23(a)(4) requires that Plaintiffs and their counsel fairly and adequately protect the Class's interests. The adequacy test has two elements: (1) are there conflicts between Plaintiffs or their counsel and the other Class members, and (2) will Plaintiffs and their counsel vigorously prosecute the class action? *See Hanlon*, 150 F.3d at 1020. *See also Molski v. Gleich*, 318 F.3d 937, 955 (9th Cir. 2003) (adequacy "depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive"). No potential conflicts exist here: Wang shares the precise same claims as the Class, and has an acute interest in establishing Defendants' liability. "[C]ourts have generally declined to consider conflicts . . . sufficient to defeat class action status at the outset unless the conflict is apparent, imminent, and on an issue at the very heart of the suit." *Blackie v. Barrack*, 524 F.2d 891, 909 (9th Cir. 1975).

Further, Wang's counsel are well respected members of the legal community, regularly engage in major complex litigation, and have had extensive experience in consumer class action lawsuits that are similar in size, scope and complexity to the present case. Accordingly, Wang's counsel will adequately represent the class. (Parisi decl. ¶13 and Exhs. 2 and 3.)

**B.     The Class Meets the Requirements of Rule 23(b)(3)**

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under [Rule] 23(b)(1), (2) or (3)." *Hanlon*, 150 F.3d at 1022. *See also* Manual for Complex Litigation (Fourth) § 21.131.

The Settlement Class can be certified under Rule 23(b)(3). Certification under Rule 23(b)(3) requires the Court find (1) that "questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These requirements cover cases "in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) (quoting *Amchem*, 521 U.S. at 615). The predominance test "focuses on 'the relationship between the common and individual issues' and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Id.* at 944 (quoting *Hanlon*, 150 F.3d at 1022)). Predominance is satisfied when "[a] common nucleus of facts and potential legal remedies dominates th[e] litigation." *Hanlon*, 150 F.3d at 1022. "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). *See also Vinole*, 571 F.3d at 944 (same).

Rule 23(b)(3)'s superiority tests revolves around "whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. This "necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Id.* Here, the only alternative to a class action is individual litigation, which would require thousands of consumers to mount lawsuits over relatively small sums of money (typically no more than a few hundred dollars). Such litigation "would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs. In most cases, litigation costs would dwarf potential recovery." *Id.* Likewise, class proceedings are superior where many

consumers would "be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover." *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001). *See also Hanlon*, 150 F.3d at 1023 (class action superior to individual action, when individual action means "less litigation or settlement leverage, significantly reduced resources and no greater prospect for recovery"). The purpose of Rule 23(b)(3) is the "vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Amchem Prods.*, 521 U.S. at 617. In this case, a class action is preferable to a multitude of individual actions.

Lastly, because the case will now settle, the Court does not need to consider issues of manageability relating to trial. *See Amchem*, 521 U.S. at 620 (citation omitted) ("[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial").

## III.   THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT

Final approval requires the Court's determination that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). A settlement is "fair, adequate, and reasonable" when "the interests of the class are better served by the settlement than by further litigation." Manual for Complex Litigation (Fourth) § 21.61. Here, the parties seek preliminary – rather than final – approval of the settlement under Rule 23(e).

> [R]eview of a class action settlement proposal is a two-step process. The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." [A preliminary approval] hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing.

*Armstrong v. Board of School Directors of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980). Notice of a proposed class settlement should be sent when the Court finds that "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no

obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 , 1079 (N.D. Cal. 2007). *Cf*. Manual for Complex Litigation (Third) § 30.41 (1995) (notice of proposed settlement should be sent absent "grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval").

A more relaxed standard of review for preliminary approval applies because some of the factors relevant to final approval "cannot be fully assessed until the court conducts its fairness hearing." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008). Hence, a "full fairness analysis is unnecessary at [the preliminary approval] stage": preliminary approval functions only as "a cursory review of the terms of the parties' settlement for the purpose of resolving any glaring deficiencies before ordering the parties to send the proposal to class members." *Id*. (punctuation, citation omitted). The Manual for Complex Litigation characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. Manual for Complex Litigation (Fourth) § 21.632. *Cf. id*. § 40.42 (primary holding in draft order for preliminary approval is that the proposed settlement is "within the range of reasonableness").

Nonetheless, the Court has to look to the "the range of possible" final approval to determine whether to grant preliminary approval. At the final approval stage, the decision "to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants, and their strategies, positions and proof." *Hanlon*, 150 F.3d at 1026 (citation, punctuation omitted). The discretion given to the Court reflects the policy "that voluntary conciliation and settlement are the preferred means of dispute resolution [which] is especially true in complex class action litigation." *Officers for Justice v. Civil Service Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). However, the Court's role in approving

> what is otherwise a private consensual agreement negotiated between the parties
> to a lawsuit must be limited to the extent necessary to reach a reasoned judgment
> that the agreement is not the product of fraud or overreaching by, or collusion
> between, the negotiating parties, and that the settlement, taken as a whole, is fair,
> reasonable and adequate to all concerned.

*Hanlon*, 150 F.3d at 1027 (quoting *Officers for Justice*, 688 F.2d at 625). "The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Officers for Justice*, 688 F.2d at 625. "[P]arties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlement by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). As shown below, the proposed settlement falls within the range of possible approval and thus satisfies the requirement for preliminary approval. It is non-collusive, fair and reasonable.

### A.      The Settlement Is the Result of Arms-Length Negotiation

The first consideration in the preliminary approval analysis is whether the settlement is the result of serious, informed and non-collusive negotiations. The Ninth Circuit places "a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution[.]" *Id.* "Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable." *Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-1365, 2010 WL 1687832, *13 (N.D. Cal., Apr. 22, 2010). The proposed settlement here is the result of more than eighteen months of discovery in hard-fought litigation and extensive negotiations that took place over the course of several months involving three judicial settlement conferences and a private mediation. (Parisi decl., ¶¶2-9.)  Because of the extensive discovery, Plaintiff's counsel were fully informed when they negotiated the settlement.

### B.      The Settlement Falls Within the Range of Possible Approval

As explained above, the proposed settlement was reached only after protracted arms-length negotiations between the parties, and after Plaintiffs' counsel thoroughly carefully

evaluated the merits of this case, considered the advantages and disadvantages of continued

litigation, and considered the benefits of the proposed settlement.

**TU's Credit Score Analysis:** As part of the settlement negotiations, TU performed an

analysis (using the proprietary VantageScore credit scoring model) to determine the potential

credit score impact on each of the individuals in the Settlement Class of the omission of dispute

notation on the Asset tradeline in his or her credit report. (Parisi decl., ¶9.) TU's analysis

determined that the fact that the Asset tradelines in question were not coded as disputed did not

have a sufficient impact on the credit score of 133,482 individuals in the Settlement Class to

change their so-called "peer group" (i.e., Superprime, Prime, Nearprime or Subprime). (*Id.*)

Thus, TU contends that it is extremely unlikely that the events alleged by Wang would have had

any adverse impact on the foregoing Settlement Class members' ability to obtain credit,

insurance, housing or employment. Defendants contend that TU's analysis could be used to

defend against any claims for actual damages by these individuals.

**Limitations on the Class's FDCPA Claim:** The FDCPA provides for statutory damages

in the case of a class action "not to exceed the lesser of $500,000 or 1 per centum of the net

worth of the debt collector[.]" 15 U.S.C. § 1692k(a)(2)(B). Further, the FDCPA requires the

court to consider various factors when awarding statutory damages, including "the extent to

which such noncompliance was intentional," that may have negatively impacted any award of

statutory damages the class might have received. 15 U.S.C. § 1692k(b)(1).

**Risks with Respect to the Class's FCRA Claim:** The FCRA provides for statutory

damages only in the event of a willful violation. 15 U.S.C. § 1681n. It is true that the Supreme

Court has interpreted willful violations to include "cover not only knowing violations . . . but

reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 2201, 2208 (2007). Nonetheless,

Plaintiff would have to prove a degree of malfeasance beyond mere negligence to recover

statutory damages on the class's FCRA claim.

**Non-Cash Benefits:** The settlement provides for a free credit-monitoring subscription to

every Settlement Class member for six (6) months. TU sells similar subscriptions on the open

market for twelve dollars ($11.95) per month, and the estimated cash value of the subscription

benefit is $71.70 for each Settlement Class member. (Declaration of Mark W. Marinko, ¶2.) The total estimated value of the settlement's non-cash benefits exceeds $10 million.

**Cash Benefits:** TU's credit scoring analysis identified 8,248 individuals in the Settlement Class where the omission of dispute notation on the Asset tradeline in his or her credit report caused the individual's credit score to move from a higher "peer group" to a lower "peer group." (Parisi decl., ¶9.) Under the settlement, Defendants agree to provide a settlement fund of $1 million. These Settlement Class Members would be able to submit a claim form (in which they would attest that they actually and in good faith disputed the underlying tradeline and that they have a good faith belief that the omission of the dispute notation on the tradeline had an adverse impact on their ability to obtain credit, insurance, housing or employment) and receive a claim payment of $100. (Settlement Agreement, Exhibit 1 to Parisi decl., ¶¶2.8 and 7.3.)

If the settlement fund is insufficient to pay $100 for every valid claim, the claim payments would be reduced on a pro rata basis. (*Id*. at ¶4.5.) If there is still money in the settlement fund after paying all valid claims, the remaining funds would be donated to two non-profit organizations as *cy pres* relied. (*Id*. at ¶ 4.4(d).)

**Release:** In return for these benefits, Wang's action will be dismissed and members of the Settlement Class that do not exclude themselves from this settlement will be deemed to have released claims against the Defendants which relate to the matters alleged in Wang's complaint.

## IV. WANG'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

Rule 23(g) controls appointment of Class Counsel. Rule 23(g) directs the Court to consider the following factors when appointing counsel for a class:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

1   Fed. R. Civ. P. 23(g)(1)(A). Proposed Class Counsel has diligently investigated, prosecuted, and

2   settled this action, dedicated substantial resources to the investigation and prosecution of the

3   claims at issue in the action, and demonstrated their knowledge of the facts and law at issue.

4   (Parisi Decl. ¶¶2-8; and 11.)

5   **V.      THE PROPOSED PLAN OF CLASS NOTICE**

6           Rule 23(c) requires that any order conditionally certifying a class under Rule 23(b)(3)

7   provide for "the best notice [to class members] practicable under the circumstances, including

8   individual notice to all members who can be identified through reasonable effort." Fed. R. Civ.

9   P. 23(c)(2)(B). Likewise, Rule 23(e) states that the Court "must direct notice in a reasonable

10  manner to all class members who would be bound by a proposed settlement, voluntary dismissal,

11  or compromise." Fed. R. Civ. P. 23(e)(B). Notice is "adequate if it may be understood by the

12  average class member." 4 Alba Conte & Herbert Newberg, Newberg on Class Actions, § 11:53

13  at 167(4th ed. 2002).

14          The parties propose to disseminate notice via postcards sent via first-class mail to the

15  most recent address in TU's records. The postcards will direct the Settlement Class to an internet

16  website established and operated by the Settlement Administrator which will make available the

17  summary notice found on the postcard, a long-form notice, the settlement, contact information

18  for the Settlement Administrator and for Class Counsel, and the claim form (to those Settlement

19  Class members who are eligible to submit a claim form). (Settlement Agreement, Exhibit 1 to

20  Parisi decl., ¶7.2(a).)

21          Plaintiff recommends that notice be disseminated as promptly as practicable but no later

22  than 45 days after the entry of the Court's order granting preliminary approval of the proposed

23  settlement. (*Id.*) The proposed methods of notice comport with Rule 23 and the requirements of

24  due process.

25

26

27

28

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks that the Court grant preliminary approval of the proposed settlement and enter the proposed Preliminary Order in Connection with Settlement Proceedings, submitted herewith.

Dated: November 3, 2011                    By:   ___s/David C. Parisi_____
                                                  David C. Parisi (162248)
                                                  Suzanne Havens Beckman (188814)
                                                  PARISI & HAVENS LLP
                                                  15233 Valleyheart Drive
                                                  Sherman Oaks, California 91403
                                                  (818) 990-1299 (telephone)
                                                  (818) 501-7852 (facsimile)
                                                  dcparisi@parisihavens.com
                                                  shavens@parisihavens.com

                                                  Ethan Preston (263295)
                                                  PRESTON LAW OFFICES
                                                  21001 North Tatum Blvd., Suite 1630-430
                                                  Phoenix, Arizona 85050
                                                  (480) 269-9540 (telephone)
                                                  (866) 509-1197 (facsimile)
                                                  ep@eplaw.us

                                                  *Attorneys for Plaintiff Johnny Wang, on his*
                                                  *own behalf and behalf of all others similarly*
                                                  *situated*