1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHNNY WANG, an individual, on his own behalf and on behalf of all others similarly situated, | **Case No. 09-04797 SI** |
| Plaintiff, | **[~~PROPOSED~~] PRELIMINARY APPROVAL ORDER** |
| v. | |
| ASSET ACCEPTANCE, LLC, and TRANS UNION, LLC, Delaware limited liability companies, and DOES 1-100, inclusive, | |
| Defendants. | Action Filed: October 8, 2009<br>Trial Date:   None Set |

WHEREAS, Plaintiff has made a motion (the "Motion"), pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving settlement of the above-captioned action (the "Action") in accordance with the Stipulation and Agreement of Settlement filed with this Court on November 3, 2011 (the "Agreement"), which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the Action and its dismissal with prejudice; and

WHEREAS, as a condition of the Agreement, Plaintiff, on behalf of himself individually and on behalf of each of the Settlement Class Members, has agreed to release all claims arising under federal, state or common law as specified in Section 6.1 of the Agreement in exchange for the benefits provided under the Agreement, subject to the Court's approval; and

WHEREAS, this Court having read and considered Plaintiff's Motion, the Agreement and Exhibits attached thereto, as well as all arguments and submissions from the Parties and intervenors at the noticed hearings; and

WHEREAS, all defined terms shall have the same meaning as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. For purposes of this Action, this Court has subject matter jurisdiction and, for purposes of the Settlement only, this Court has personal jurisdiction over the Parties, including all Settlement Class Members.

2. For purposes of this Settlement only, this Court preliminarily certifies the following Settlement Class:

> The 141,730 consumers for whom, between June 22, 2009 and October 15, 2009, TransUnion issued a credit report to a third-party user of such a report in connection with an application by the consumer for credit, insurance or employment, where the report described one or more Asset-owned debts disputed by the consumer but did not contain an "Account in Dispute" or "AID" remark.

1  The Settlement Class preliminarily is certified pursuant to Federal Rule of Civil Procedure 23(b)(3), and all individuals in the Settlement Class shall have the right to exclude themselves by way of the opt-out procedure set forth below in Paragraph 13.

4    3.    This Court preliminarily finds, solely for purposes of the Settlement, that the Action may be maintained as a class action on behalf of the Settlement Class because:  (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    This Court preliminarily approves the Agreement as being fair, reasonable and adequate and within the range of possible approval, subject to further consideration at the Final Fairness Hearing as set forth below in Paragraph 7.

5.    This Court preliminarily finds that Plaintiff fairly and adequately represents the interests of the Settlement Class and therefore designates Plaintiff as the representative of the Settlement Class.

6.    Pursuant to Federal Rule of Civil Procedure 23(g), and after consideration of the factors described therein and oral and written arguments, this Court designates as Class Counsel, for purposes of the Settlement, the law firms of Parisi & Havens LLP and Preston Law Offices. This Court preliminarily finds that based on the work Class Counsel have done in identifying, investigating and prosecuting the claims in the action, Class Counsel's experience in handling class actions, other complex litigation and claims of the type asserted in this action, Class Counsel's knowledge of the applicable law and the resources Class Counsel have and will commit to representing the class, Class Counsel have and will fairly and adequately represent the interests of the Settlement Class.  Plaintiff and Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

7.      The Final Fairness Hearing shall take place before the Honorable Susan Illston on <u>April 13, 2012 at 9:00 a.m.</u> at the United States District Court, Northern District of California, Courtroom #10, 450 Golden Gate Avenue, San Francisco, California 94102, to determine:  whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, adequate and reasonable as to the Settlement Class Members and should be approved; whether the Judgment, as provided for in the Agreement, should be entered; and the amount of fees and costs that should be awarded to Class Counsel, and the amount of the service awards that should be awarded to Plaintiff, as provided for in the Agreement.  The Court will also hear and consider any properly lodged objections at that time.

8.      This Court finds that notice as set forth in Section 7.2 of the Agreement is the only notice required, and that such notice satisfies the requirements of Due Process, the Federal Rules of Civil Procedure and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  This Court approves the form and content of the Postcard Notice and Long-form Notice attached as Exhibits C, D and E to the Agreement.  The two Postcard Notices shall be mailed to the Settlement Class pursuant Section 7.2 of the Agreement by January 6, 2012.

9.      This Court approves the form and content of the Claim Form attached as Exhibit F to the Agreement.

10.     This Court approves Rust Consulting, Inc. as Settlement Administrator.

11.     The Court approves the claims procedures set forth in Section 7.3 of the Agreement. To be treated as valid, Claim Forms must be submitted electronically or postmarked on or before <u>March 2, 2012</u>.

12.     All individuals within the Settlement Class who do not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3), pursuant to the procedure set forth in Paragraph 13 below, shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in Section 6.1 of the Agreement.

13. The Settlement Class shall be given the opportunity to opt out of the Settlement Class. All requests by the individuals within the Settlement Class to be excluded must be in writing, sent to the Settlement Administrator and postmarked no later than <u>March 2, 2012</u>. To be valid, a request for exclusion must be personally signed and must include: (i) name, address and telephone number; (ii) a sentence stating that he or she is in the Settlement Class; and (iii) the following statement: "I request to be excluded from the class settlement in <u>Wang v. Asset Acceptance, LLC, et al.</u>, United States District Court, Northern District of California, Case No. 09-04797 SI." No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may exclude any other person within the Settlement Class from the Settlement Class.

14. Any individual within the Settlement Class, who has not previously opted-out in accordance with the terms of Paragraph 12 above, may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service awards to Plaintiff; provided, however, that no individual within the Settlement Class shall be heard, and no objection may be considered, unless the individual files with this Court a written statement of the objection postmarked no later than <u>March 2, 2012</u>. Copies of all objection papers also must be served electronically via the Court's ECF system or mailed, postmarked no later than <u>March 2, 2012</u>, to each of the following: Class Counsel, David C. Parisi, Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, California 91403 and Ethan Preston, Preston Law Offices, 21001 North Tatum Boulevard, Suite 1640-430, Phoenix, Arizona 85050; TransUnion's Counsel, Robert J. Schuckit, Esq., Schuckit & Associates, P.C., 4545 Northwestern Drive, Zionsville, IN 46077 and Stephen J. Newman, Esq., Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California 90067; and Asset's Counsel, Tomio B. Narita, Simmonds & Narita LLP, 44 Montgomery Street, Suite 3010, San Francisco, California 94104. All objections must include: (i) the objector's name, address and telephone number; (ii) a sentence stating that to the best of his or her knowledge he or she is a Settlement Class Member; (iii) the factual basis and legal grounds for the objection to the Settlement; (iv) the identity of witnesses whom the objector may call to

testify at the Final Fairness Hearing; and (v) copies of exhibits the objector may seek to offer into evidence at the Final Fairness Hearing.

15.  Class Counsel shall file any motion for an award of attorneys' fees and costs as well as any incentive award for the named class representative on or before <u>February 12, 2012</u>.

16.  Any motion for final approval of the settlement shall be filed on or before <u>March 30, 2012</u>.

17.  The costs of notice and settlement administration shall be paid from the Settlement Fund as described in Section 4.4 of the Agreement.

18.  All proceedings in this Action are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

19.  Pending final determination of whether the Settlement should be approved, Plaintiff, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with Paragraph 13 above.  This injunction is necessary to protect and effectuate the Settlement, this Order, and the this Court's flexibility and authority to effectuate this Settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. section 1651(a).

20.  This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  This Court may approve or modify the Settlement without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated:   11/17/11                                   

- 5 -
[PROPOSED] PRELIMINARY APPROVAL ORDER