David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 North Tatum Boulevard, Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Johnny Wang, on his own behalf and behalf of all others similarly situated,*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHNNY WANG, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASSET ACCEPTANCE, LLC, and TRANS UNION, LLC, Delaware limited liability companies, and DOES 1-100, inclusive,<br><br>Defendants. | No. 09-04797 SI<br><br>The Honorable Susan Illston<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND COST AND INCENTIVE AWARD TO NAMED PLAINTIFF**<br><br>Date: April 13, 2012<br>Time: 9:00 a.m.<br>Location: Courtroom 10, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California 94102 |

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that on April 13, 2012 at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-designated Court, located at Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Susan Illston, Plaintiff Johnny Wang ("Wang") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for an award of attorneys' fees and costs and an incentive award associated with prosecution of this action.

The grounds for this motion are that the proposed settlement has been achieved for the benefit of a class. Class Counsel appointed for purposes of this Settlement, Parisi & Havens LLP and the Preston Law Offices, have prosecuted this litigation on a contingent basis and accordingly seek an award of $450,000 for fees and reimbursement of costs incurred in this litigation. Additionally, an incentive award is sought in the amount of $4,000.00 for class representative, Johnny Wang. This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Class Action Settlement Agreement, the declarations of David C. Parisi, Ethan Preston, and Harry Shulman, and any papers filed in response, the argument of counsel, and all papers and records on file in this matter.

Dated: February 10, 2011          By:   s/David C. Parisi
                                        David C. Parisi (162248)
                                        Suzanne Havens Beckman (188814)
                                        ARISI & HAVENS LLP
                                        15233 Valleyheart Drive
                                        Sherman Oaks, California 91403
                                        (818) 990-1299 (telephone)
                                        (818) 501-7852 (facsimile)
                                        dparisi@parisihavens.com
                                        shavens@parisihavens.com

                                        Ethan Preston (263295)
                                        PRESTON LAW OFFICES
                                        21001 North Tatum Blvd., Suite 1630-430
                                        Phoenix, Arizona 85050
                                        (480) 269-9540 (telephone)
                                        (866) 509-1197 (facsimile)
                                        ep@eplaw.us

                                        *Attorneys for Plaintiff Johnny Wang, on his own behalf and behalf of all others similarly situated*

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 North Tatum Boulevard, Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Johnny Wang, on his own behalf and behalf of all others similarly situated,*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHNNY WANG, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASSET ACCEPTANCE, LLC, and TRANS UNION, LLC, Delaware limited liability companies, and DOES 1-100, inclusive,<br><br>Defendants. | No. 09-04797 SI<br><br>The Honorable Susan Illston<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COST AND INCENTIVE AWARD TO NAMED PLAINTIFF**<br><br>Date:     April 13, 2012<br>Time:    9:00 a.m.<br>Location: Courtroom 10, 19th Floor<br>              450 Golden Gate Avenue<br>              San Francisco, California 94102 |


# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. THE REQUESTED AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES IS REASONABLE. ................................................................................. 1

    A. The Percentage-of-the-Fund Method Supports the Requested Award of Attorneys' Fees, Costs and Expenses. ............................................................... 3

        i. The Value of the Settlement ...................................................................... 3
        ii. The Value of the Services on an Hourly Basis ......................................... 4
        iii. The Services Were Undertaken on a Contingent Fee Basis ..................... 5
        iv. Society's Stake in Rewarding Attorneys Who Produce Such Benefits in Order to Maintain an Incentive to Others ............................... 5
        v. The Complexity of the Litigation .............................................................. 5
        vi. The Professional Skill and Standing of Counsel Involved on Both Sides .......................................................................................................... 6

    B. A Lodestar Cross-Check Confirms the Reasonableness of Co-Lead Settlement Class Counsel's Fee Request ............................................................ 6

    C. The Costs Incurred are Reasonable .................................................................... 7

III. AN INCENTIVE AWARD OF $4,000 TO THE NAMED PLAINTIFF IS REASONABLE ............................................................................................................. 7

IV. CONCLUSION ............................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Boeing Co. v. Van Gemert*
   444 U.S. 472 (1980)..................................................................................................2

*Brotherton v. Cleveland*
   141 F. Supp. 2d 907 (S.D. Ohio 2001) ....................................................................4

*Burlington v. Dague*
   505 U.S. 557 (1992)..................................................................................................2

*D'Emanuele v. Montgomery Ward & Co.*
   904 F.2d 1379 (9th Cir.1990) ...................................................................................2

*Fischel v. Equitable Life Assur. Society of U.S.*
   307 F.3d 997 (9th Cir. 2002) ....................................................................................5

*Goldberger v. Integrated Res., Inc.*
   209 F.3d 43 (2d Cir. 2000).........................................................................................5

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) ..................................................................................2

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*
   55 F.3d 768 (3d Cir. 1995), *cert. denied*, 516 U.S. 824 (1995)................................4

*In re Washington Pub. Power Supply Sys. Sec. Litig. ("WPPSS")*
   19 F.3d 1291 (9th Cir. 1994) ....................................................................................2

*In re: Mego Fin. Corp. Sec. Litig.*
   *supra*, 213 F.3d ........................................................................................................7

*Johnston v. Coerica Mort. Corp.*
   83 F.3d 241 (8th Cir. 1996) ......................................................................................3

*Jones v. Diamond*
   636 F.2d 1364 (5th Cir. 1981) ..................................................................................5

*Masters v. Wilhelmina Model Agency, Inc.*
   473 F.3d 423 (2d Cir. 2007)......................................................................................3

*New England Health Care Employees Pension Fund v. Fruit of the Loom, Inc.*
   234 F.R.D. 627 (W.D. Ky. 2006)..............................................................................4

*Paul, Johnson, Alston & Hunt v. Graulty*
    886 F.2d 268 (9th Cir.1989) ...................................................................................................2

*Powers v. Eichen*
    229 F.3d 1249 (9th Cir. 2000) ................................................................................................2

*Rawlings v. Prudential-Bache Props., Inc.*
    9 F.3d 513 (6th Cir. 1993) ......................................................................................................2

*Six (6) Mexican Workers v. Arizona Citrus Growers*
    904 F.2d 1301 (9th Cir. 1990) ................................................................................................2

*Staton v. Boeing, Co.*
    327 F.3d 938 (9th Cir. 2003) ..............................................................................................3, 7

*Van Vranken v. Atlantic Richfield Co.*
    901 F.Supp.294 (N.D.Cal. 1994) ............................................................................................7

*Vizcaino v. Microsoft Corp.*
    290 F.3d 1043 (9th Cir.2002) ............................................................................................2, 6

*Waters v. Int'l Precious Metals Corp.*
    190 F.3d 1291 (11th Cir. 1999) ..............................................................................................3

*Williams v. MGM-Pathe Commc'ns Co.*
    129 F.3d 1026 (9th Cir. 1997) ................................................................................................3

*Young v. Polo Retail, LLC.*
    No. C-02-4546 VRS, 2007 WL 951821 (N.D. Cal. Mar. 28, 2007) ........................................7

**CALIFORNIA CASES**

*Lealao v. Beneficial Cal., Inc.*
    82 Cal.App.4th 19 (2000) .......................................................................................................3

## I. INTRODUCTION

Class Counsel[1] and additional plaintiff counsel[2] respectfully seek an award of attorneys' fees and reimbursement of fees and costs incurred in prosecuting this action. As explained more fully below and in the declarations of counsel filed with this Motion, Class Counsel respectfully request that the Court approve payment of attorneys' fees and reimbursement of costs and expenses in the combined total amount of $450,000.00. This sum, above which Defendants agreed not to object, was arrived at with the assistance of the mediator who aided the parties in settling the action, Judge Edward Infante, Ret. In conjunction with this Motion, counsel requesting fees and costs are submitting declarations which outline their fees and costs to date. Plaintiff counsel's total lodestar based on current rates is $604,557.50. Declaration of David C. Parisi, ("Parisi Decl."), ¶11; Declaration of Ethan Preston, ("Preston Decl."), ¶6; Declaration of Harry Shulman, ("Shulman Decl.") ¶5. The total costs are $14,513.33. Parisi Decl., ¶15, Preston Decl., ¶7; Shulman Decl., ¶7. Accordingly, the actual fees and costs expended on this matter by Class Counsel exceed the requested fee/cost award.

## II. THE REQUESTED AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES IS REASONABLE.

In comparison to the results achieved by the preliminarily approved settlement, the fee and cost award sought is reasonable. The settlement achieved in this litigation provides for the provision of a credit-monitoring subscription to every Settlement Class Member for six months as well as a cash payment by defendants of $1 million. The credit-monitoring service has an estimated cash value of $71.70 for each of the 141,730 Settlement Class Members, and therefore has an estimated value of in excess of $10 million. Parisi Decl., ¶ 9. Further, for the 8,248 individuals in the Settlement Class where omission of a dispute notation on their tradeline caused them to move from one "peer group" to a lower "peer group," these class members may submit a claims form and receive payment of $100.00. (This sum is reduced on a pro rata basis should the cash settlement fund be insufficient.) *Id*. at ¶ 10.

---

[1] Pursuant to this Court's Order filed November 17, 2011, the Preliminary Approval Order, the Court appointed Parisi & Havens LLP and the Preston Law Offices as Class Counsel. *See* Dkt. No. 148, ¶6.

[2] Additional plaintiff counsel is the law firm The Mills Law Firm which represented plaintiff Johnny Wang between in August 2009 and August 2010.

Courts have long recognized the need to compensate counsel who have achieved success on behalf of a class. "When awarding attorneys' fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Rawlings v. Prudential-Bache Props., Inc.* 9 F.3d 513, 516 (6th Cir. 1993) (citation omitted). Further, "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Accordingly, as noted by the Ninth Circuit, "those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Pub. Power Supply Sys. Sec. Litig. ("WPPSS")*, 19 F.3d 1291, 1300 (9th Cir. 1994).

In a common fund case, the district court has discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating a fee award. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir.2002); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). As its name suggests, under the percentage method, the court simply awards the attorneys a percentage of the fund. *Id.* This circuit has established 25% of the common fund as a benchmark award for attorney fees. *Vizcaino*, 290 F.2d at 1047-48; *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (same); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (same). The 25 percent benchmark in percentage-of-the-fund cases can be adjusted upward or downward to account for any unusual circumstances involved in the case. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.1989).

Under the lodestar method, the court multiplies a reasonable number of hours by a reasonable hourly rate. *WPPSS*, 19 F.3d at 1294 n. 2. There is a strong presumption that the lodestar figure represents a reasonable fee. *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1384 (9th Cir.1990) ( overruled on other grounds by *Burlington v. Dague*, 505 U.S. 557 (1992).) Although a court can adjust the lodestar upward or downward based on certain factors, adjustments are the exception rather than the rule. *Id.* at 1383-84.

Class Counsel have vigorously litigated this action against defendants. Given the hours expended, the contingent nature and complexity of the case, the tenor of the litigation, the

relevant legal issues, the nature of the Class claims, and the substantial result achieved on the behalf of the Class, the requested fees and expenses are reasonable whether analyzed under either the percentage-of-the-fund method or the lodestar method.

### A. The Percentage-of-the-Fund Method Supports the Requested Award of Attorneys' Fees, Costs and Expenses.

#### i. The Value of the Settlement

Though the settlement does not create a common fund *per se*, the percentage-of-the-fund method supports the reasonableness of Class Counsel's fee, cost, and expense request.

The value of the settlement to the class is properly based upon the total value of the relief to the class plus the agreed upon fees and costs as they represent a "package deal". *See Lealao v. Beneficial Cal., Inc.,* 82 Cal.App.4th 19, 33 (2000) (quoting *Johnston v. Coerica Mort. Corp.,* 83 F.3d 241, 246 (8th Cir. 1996); *see, e.g., Staton v. Boeing, Co.*, 327 F.3d 938, 974 (9th Cir. 2003) ("courts should consider the value of the injunctive relief obtained as a relevant circumstance in determining what percentage of the common fund Class Counsel should receive as attorneys' fees.) (internal quotation and citation omitted).) Indeed, when valuing the benefit rendered to the Settlement Class, a court should consider the total value of benefits made available to the Settlement Class, whether claimed or unclaimed, because the "entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class." *Masters v. Wilhelmina Model Agency, Inc.,* 473 F.3d 423, 437 (2d Cir. 2007); *Waters v. Int'l Precious Metals Corp.,* 190 F.3d 1291, 1295 (11th Cir. 1999) (same); *Williams v. MGM-Pathe Commc'ns Co.,* 129 F.3d 1026, 1027 (9th Cir. 1997) (same).

The value of the two components of the settlement in this matter total in excess of $11 million: $1 million in cash payments to be made available to the 8,248 class members who were determined to have had their credit rating impaired and over $10 million worth of free credit monitoring for the *entire class* of *141,730 individuals*. Parisi Decl., ¶9.

Given that fee awards in common fund cases can range "from 20 to 50 percent of the common fund created," the requested amount here, which is only 4% of the total value of the settlement and 45% of the available cash benefits of $1 million, is eminently reasonable. Parisi

Decl., ¶11; *New England Health Care Employees Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627 (W.D. Ky. 2006) (quoting *Brotherton v. Cleveland*, 141 F. Supp. 2d 907, 910 (S.D. Ohio 2001)); *see also In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995) (In common fund cases "fee awards have ranged from nineteen percent to forty-five percent of the settlement fund"), *cert. denied*, 516 U.S. 824 (1995).

### ii. The Value of the Services on an Hourly Basis

The record of this case establishes that the significant time and labor was expended in litigating and settling this case. The lawsuit was first filed on August 20, 2009 and journeyed a long distance to settlement. Parisi Decl., ¶¶ 24-37; 43-49. The proposed settlement here is the result of more than eighteen months of discovery in hard-fought litigation and extensive negotiations that took place over the course of several months involving three judicial settlement conferences and a private mediation. *Id*. In addition to opposing the two motions to dismiss filed by Asset, Plaintiff conducted significant discovery with respect to both defendants. Plaintiff has served 16 interrogatories, 76 document requests and 190 requests for admission on Asset. *Id.* at ¶6. Plaintiff has also served 20 interrogatories, 48 document requests and 140 requests for admission on TU. *Id.* Further, two corporate depositions were taken. *Id*. Much of this discovery was focused on the interactions of Asset and TU between May 21, 2009 and October 2009. *Id*., ¶35.

To date, Plaintiff's Counsel and their firms report having expended more than 1,305.40 hours working on this litigation, incurring a lodestar fee of $604,557.50 calculated using current rates, and $14,513.33 in costs and expenses. *See* Parisi Decl., ¶¶11-12. Accordingly, the requested fee and cost award, which is less than Class Counsel's actual time and cost expenditures are unquestionably reasonable as it represents an award *below* market rate.

Additionally, Class Counsel will continue to expend additional fees, costs in preparing for, traveling to, and attending the Motion hearing, and in handling future inquiries from and assisting Settlement Class Members.

### iii. The Services Were Undertaken on a Contingent Fee Basis

This case was prosecuted by Plaintiff's counsel on a purely contingent basis, thereby assuming the risk of no payment for a considerable amount of work over an extended period of time. Collectively, Plaintiff's counsel spent 1,305.4 hours advancing this case without any compensation, and without knowing whether their efforts would ever be rewarded. Thus, this factor heavily supports the reasonableness of the current fee request. *See e.g., Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 54 (2d Cir. 2000) ("[A]ttorneys' risk is perhaps the foremost factor in determining an appropriate fee award.") (citation and quotation omitted); *Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) ("Lawyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful than those who are assured of compensation regardless of result.")

### iv. Society's Stake in Rewarding Attorneys Who Produce Such Benefits in Order to Maintain an Incentive to Others

Society undoubtedly has a significant stake in rewarding plaintiff's counsel, such as Class Counsel and other experienced plaintiffs' counsel in this matter, who, on a contingency fee basis, represent consumers against large corporations, such as defendants, in novel and complex litigation, and who obtain real and substantial relief, as provided for by the settlement. *See Fischel v. Equitable Life Assur. Society of U.S.*, 307 F.3d 997, 1008 (9th Cir. 2002). Thus, this factor supports the reasonableness of the settlement.

### v. The Complexity of the Litigation

This litigation presented complex and novel questions of law relating to consumer protections and debt reporting and collection, and required commensurate skill to litigate the case properly. As with any consumer class action, significant and difficult issues relating to injury-in-fact, causation, and the appropriateness and amount of available remedies were present. These issues, in addition to those inherent in any large-scale consumer class action litigation was required to achieve the significant benefits that the settlement made available to the Settlement Class.

### vi. The Professional Skill and Standing of Counsel Involved on Both Sides

Plaintiff's counsel have significant experience in litigating consumer class actions. Parisi Decl., ¶18 and Exh. A thereto; Preston Decl., ¶ 5 and Exh. A thereto. The services rendered were performed efficiently and effectively, reflecting the practical and accumulated knowledge of counsel. Additionally, defendants are represented by three well respected law firms, Stroock & Stroock & Lavan, Simmonds & Narita, and Schuckit & Associates. Each of these firms is highly respected and well-known for vigorously representing its clients in complex litigation such as this matter. The ability and determination of defendant's counsel enhances the significance of the results achieved by Class Counsel.

### B. A Lodestar Cross-Check Confirms the Reasonableness of Co-Lead Settlement Class Counsel's Fee Request

Use of the lodestar method as a cross-check confirms the reasonableness of request for fees and costs. *See, e.g Vizcaino,* 290 F.3d 1043, 1050 (9th Cir. 2002) ("[W]hile the primary basis of the fee award remains the percentage method, the lodestar may provide a useful perspective on the reasonableness of a given percentage award.") Courts in this Circuit frequently award attorneys in common fund cases a multiple of their lodestar, rewarding them "for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Id.* at 1051 (affirming a fee that yielded a multiple of 3.65 holding that district court correctly considered the range of multiples of 1-4 normally applied in common fund cases).

In contrast, here, when cross-checked against the $450,000.00 fee request (which includes costs of $14,513.33), the lodestar of $604,557.50 yields a "multiplier" of 0.7. Put another way, awarding the requested fee will afford the Settlement Class a significant discount off Plaintiff's counsel's usual billing rates. The fee request will decrease after the filing of this motion, given the additional time and expenses that will be incurred in preparing for the Final Approval Hearing and ensuring that the settlement and claims process are fairly and properly effectuated. The cross-check thus confirms that the requested fee is well within the range of reasonableness considering the risk of non-recovery, the excellent result achieved, and the

complex and novel nature of the claims at issue. *See, e.g., Young v. Polo Retail, LLC.*, No. C-02-4546 VRS, 2007 WL 951821, at *8 (N.D. Cal. Mar. 28, 2007) (multiplier of 0.56 "suggest[ed] that despite exceeding the 25% benchmark used by some courts, the fees sought [were] reasonable based on the time and effort expended by plaintiffs' counsel").

For these reasons Class Counsel respectfully submit that the requested fee should be awarded.

### C. The Costs Incurred are Reasonable

The total costs incurred by Plaintiff's counsel are $14,513.33. These costs include the costs for travel, filing and service, deposition reporters as well as the mediator and related ancillary costs. Parisi Decl., ¶18; Preston Decl., ¶7; Schulman Decl., ¶7. In light of the fact that Class Counsel seek reimbursement of their fees and costs capped at $450,000.00, which is less than their fees and expenses, these modest expenses are quite reasonable.

## III. AN INCENTIVE AWARD OF $4,000 TO THE NAMED PLAINTIFF IS REASONABLE

Subject to the Court's approval, the settlement provides for payment of a service award of $4,000 to Mr. Wang, to be paid in addition to the compensation to the class and Plaintiff's counsel. It has long been established that courts have discretion to approve service or "incentive" awards to representative plaintiffs in class actions as compensation for their having expended time and effort for the benefit of others and for having undertaken the risks inherent in serving as a named plaintiff. *See, e.g., Staton, supra*, 327 F.3d at 977; *In re: Mego Fin. Corp. Sec. Litig., supra*, 213 F.3d at 463; *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp.294, 299 (N.D.Cal. 1994). In evaluating the reasonableness of a requested award, the Court should consider factors such as "the actions plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at 977.

Although Mr. Wang was not deposed, he contributed substantially to this case. He doggedly pursued his right to relief and, because of him, tens of thousands of consumers are positively affected. Mr. Wang spent a great deal of his time in this action working with Class

Counsel, responding to discovery and attending the two settlement conferences before Judge Chen. Parisi Decl., ¶ 23. The parties' agreement to pay Plaintiff a modest award for his important contribution to the protection of consumers' rights should be approved.

## IV. CONCLUSION

For all of the foregoing reasons, Class Counsel respectfully request that this Court grant the requested fee and cost award in the total amount of $450,000.00 and an incentive award to Plaintiff Wang in the amount of $4,000.00.

Dated: February 10, 2012     By:     s/David C. Parisi
                                      David C. Parisi (162248)
                                      Suzanne Havens Beckman (188814)
                                      PARISI & HAVENS LLP
                                      15233 Valleyheart Drive
                                      Sherman Oaks, California 91403
                                      (818) 990-1299 (telephone)
                                      (818) 501-7852 (facsimile)
                                      dcparisi@parisihavens.com
                                      shavens@parisihavens.com

                                      Ethan Preston (263295)
                                      PRESTON LAW OFFICES
                                      21001 North Tatum Blvd., Suite 1630-430
                                      Phoenix, Arizona 85050
                                      (480) 269-9540 (telephone)
                                      (866) 509-1197 (facsimile)
                                      ep@eplaw.us

                                      *Attorneys for Plaintiff Johnny Wang, on his own behalf and behalf of all others similarly situated*